FILED
2021 Nov-23 PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALASKA AIR GROUP, INC., *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> ANTHEM, INC. f/k/a WELLPOINT, INC. d/b/a ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE CO., *et al.*, </br></br> Defendants. | Case No.: 2:21-cv-1209-AMM |

## PLAINTIFFS' RESPONSE TO THE COURT'S SHOW CAUSE ORDER

COME NOW the Plaintiffs and submit this response to this Court's November 15, 2021 order [ECF No. 52] to show cause.

This case is a direct-action lawsuit filed on behalf of corporations, unions, and church plans who have opted out of a subscriber-side class-action case pending in the multi-district litigation before Judge R. David Proctor. *See In re: Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000-RDP (MDL No. 2406) (*BCBS MDL*). In this opt-out case, Plaintiffs make similar allegations against the defendants as those in the *BCBS MDL*.

{B4183611}

At the outset of the *BCBS MDL*, Judge Proctor entered Case Management Order No. 1 (ECF No. 1 in the *BCBS MDL* docket) (*CMO 1*), which states at section III.B that:

> Any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required.

Further, pursuant to Rule 7.2(a) of the Rules of Procedure of the United States Judicial Panel on Multi-District Litigation (JPML Rules), potential tag-along cases filed in a transferee court do not require Panel action. That rule states:

> Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.[1]

Thus, the JPML Rules provide that any party may file a direct action in the MDL transferee court and can request assignment to the MDL transferee judge, which in this case is Judge Proctor.

When Plaintiffs filed this suit, they designated the action in the civil cover sheet as related to the *BCBS MDL* and believed that by doing so they availed themselves of JPML Rule 7.2 and *CMO 1*. After the filing of the complaint,

---

[1] Prior to filing this complaint, Plaintiffs' counsel reviewed this District's local rules, and there is no local rule which sets forth a procedure to request transfer or assignment of this case to the MDL transferee judge, Judge Proctor.

{B4183611}  2

Plaintiffs' counsel also spoke with the Clerk of this District, on a number of occasions, to request assignment to Judge Proctor as contemplated by JPML Rule 7.2. However, during a recent hearing before Judge Proctor in the *BCBS MDL*, Plaintiffs' counsel inquired as to whether his Court would accept the case as related, and Judge Proctor stated the issue remained under consideration.

Given the relatedness of this case to the *BCBS MDL* and Judge Proctor's *CMO 1*, Plaintiffs' counsel sincerely believed that they were permitted to file their complaint and related documents before this Court without the aid of local counsel, or the filing of *pro hac vice* motions. However, in light of this Court's show cause order and the fact that this case has yet to be transferred to the *BCBS MDL*, Plaintiffs have now retained the assistance of local counsel.

Therefore, in response to this Court's order, counsel for Plaintiffs have engaged as local co-counsel the law firm of STARNES DAVIS FLORIE LLP who have filed an appearance in this matter and are now filing this response. Plaintiffs' counsel who are not admitted to this Court will also be filing *pro hac vice* applications.

We further state in response that Plaintiffs' counsel have been admitted to practice in many cases in many different judicial districts throughout the United States. Plaintiffs' counsel understand the importance of following the local rules and customs of each district, and sincerely apologize for any mistake in this case.

We hope the Court understands the genesis of the confusion and are pleased to answer any further questions the Court may have.

>Respectfully submitted,
>
>*s/ Jay M. Ezelle*
>Jay M. Ezelle (ASB-4744-Z72J)
>H. Thomas Wells, III (ASB-4318-H62W)
>Benjamin T. Presley (ASB-0136-I71P)
>STARNES DAVIS FLORIE LLP
>100 Brookwood Place, 7th Floor
>Birmingham, AL 35209
>jme@starneslaw.com
>htw@starneslaw.com
>btp@starneslaw.com
>*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

>*s/ Jay M. Ezelle*
>Jay M. Ezelle (ASB-4744-Z72J)