FILED

2022 Sep-27  PM 07:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| Alaska Air Group, Inc., *et al.*, | |
| Plaintiffs, | |
| v. | **No. 2:21-cv-01209** |
| Anthem, Inc., *et al.*, | |
| Defendants. | |

## OPPOSITION TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE

In response to Plaintiffs' request (Dkt. 99 at 3), Defendant Blue Cross Blue Shield Association ("BCBSA") respectfully submits that a status conference in the above-captioned Action is not necessary at this time.  The parties have agreed on a schedule for responses to the amended complaint; there are no ripe discovery issues for this Court to address; and a status conference is already scheduled for October 3, 2022 in the related MDL.

## I.    BACKGROUND OF THIS ACTION AND THE MDL

This Action is one of a number of antitrust challenges to the Blue Cross Blue Shield System, which provides health coverage and/or administrative services to more than 100 million Americans nationwide.  Beginning in 2012, dozens of complaints by fully-insured subscribers (individuals and group employers) and

providers (hospitals and doctors) were filed across the country and ultimately

consolidated for pre-trial purposes before the Honorable R. David Proctor in the

U.S. District Court for the Northern District of Alabama.  *In re Blue Cross Blue*

*Shield Antitrust Litig. (MDL No. 2406)* (the "MDL"), 2:13-cv-20000-RDP (N.D.

Ala.).  After nearly a decade of litigation, on November 30, 2020, the MDL Court

preliminarily approved a class action settlement agreement between the Blues and

MDL Subscriber Plaintiffs (the "Subscriber Settlement").  (MDL Dkt. 2641.)  The

Subscriber Settlement was fully approved, and all objections overruled, on

August 9, 2022.  (MDL Dkt. 2931.)

   Plaintiffs in this Action are subscribers who objected to the Subscriber

Settlement and opted out of the Rule 23(b)(3) settlement class; they remain

members of the mandatory Rule 23(b)(2) settlement class.  Plaintiffs filed this

Action on September 4, 2021 (Dkt. 1), while the MDL Subscriber Settlement was

pending, correctly identifying their case as related to the MDL.  On February 14,

2022, Plaintiffs filed their First Amended Complaint.  (Dkt. 86.)  Plaintiffs' First

Amended Complaint contains allegations substantially similar to those in the

MDL, with one important exception:  Plaintiffs are a specific type of subscriber

that self-insures (*i.e.*, they do not purchase insurance) and purchases administrative

services only ("ASO").  As Plaintiffs acknowledge, ASO products are distinct from

fully-insured products (Dkt. 86 ¶ 269), and ASO claims were not asserted in the

MDL until the filing of the Fourth Amended Consolidated Complaint on November 2, 2020 (MDL Dkt. 2616). On May 2, 2022, counsel for Plaintiffs in this Action filed an identical action on behalf of additional ASO subscribers, *JetBlue Airways Corp., et al. v. Anthem, Inc., et al.* ("*JetBlue*"), No. 2:22-cv-00558-GMB (N.D. Ala.), which is also pending in this District before Magistrate Judge Gray M. Borden.

Defendants in this Action are BCBSA and entities comprising the 34 Blue Cross Blue Shield plans (the "Blue Plans" and, together with BCBSA, the "Blue System"). BCBSA owns and licenses the Blue Cross and Blue Shield federal trademarks (the "Blue Marks") to locally operated individual Blue Plans. These license agreements grant each Blue Plan a license to use the Blue Marks within a defined geographic service area (exclusive service area or "ESA"), consistent with how the Plans historically operated at common law. Blue Plans, in turn, contract with local healthcare providers to offer healthcare benefits to Blue members. Blue Plans also participate in national programs like BlueCard, which allow members of one Blue Plan to receive treatment in other Blue Plans' service areas. The Blue System, and the rules underlying it, enable the Blues to provide health insurance coverage and administrative services to millions of people in the United States and to compete with large national health insurers like Aetna, Cigna and UnitedHealthcare.

Although the Subscriber Settlement has been approved, the MDL Court continues to adjudicate numerous remaining cases in the MDL.  A status conference in the MDL is scheduled for October 3, 2022.

## II.    NO STATUS CONFERENCE IS NEEDED AT THIS TIME.

Plaintiffs purportedly seek a status conference to address three issues, none of which needs be addressed by this Court.

*First*, Plaintiffs say that Defendants have not responded to the Amended Complaint.  (Dkt. 99 at 3.)  But Plaintiffs omit that the parties have *already agreed* to an October 10, 2022 response date in both this Action and the related *JetBlue* action.  There is no uncertainty about the schedule for responses.

*Second*, Plaintiffs cite their desire to discuss discovery, but no discovery issues are ripe for consideration.  While Plaintiffs' objections to the MDL Subscriber Settlement were pending, the parties agreed, with guidance from the MDL Special Master, that in the interests of judicial efficiency, discovery in all opt-out actions would await final approval of the Subscriber Settlement.  Once final approval was issued on August 9, 2022, BCBSA informed Plaintiffs that it was willing to meet and confer with Plaintiffs about the appropriate scope of

discovery, if any, in advance of decisions on motions to dismiss.  That meet and confer remains the appropriate next step.[1]

Plaintiffs suggest that the Court needs to resolve discovery issues regarding Plaintiffs' access to materials previously produced in the MDL.  (Dkt. 99 at 2.)  That, too, is premature.  As BCBSA has explained to Plaintiffs, the full MDL discovery record—spanning more than a decade, including many years not relevant to Plaintiffs' ASO claims—is not relevant or proportionate to the needs of this Action.  Moreover, Plaintiffs have requested that this Action be coordinated before the MDL Court, which has extensive experience with discovery in the MDL.  It is thus unnecessary and inefficient for this Court to wade into MDL discovery issues.

*Third*, Plaintiffs suggest that a conference is needed to discuss whether this Action (and *JetBlue*) should be coordinated as part of the MDL Proceedings.  (Dkt. 99 at 3.)  BCBSA does not oppose such coordination, especially given that the same allegations are currently before three different judges in this District, but that request is properly made to the MDL Court that has presided over those matters for a decade.  For example, Plaintiffs may make their

---

[1] Among other things, the parties have not yet met and conferred about the premature and burdensome discovery that Plaintiffs purported to serve just today.  Such discovery—which Plaintiffs have served across cases before different judges—should plainly be part of pre-trial coordination in the MDL.

request at the upcoming MDL status conference set for October 3, 2022.  There is nothing that this Court need do.

For these reasons, BCBSA respectfully submits that it is not necessary or efficient for the Court to conduct a status conference at this time.

Dated:  September 27, 2022

Respectfully submitted,

*/s/ Mark M. Hogewood*
Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendant Blue Cross Blue Shield Association*

Evan R. Chesler
Christine A. Varney
Karin A. DeMasi
Lauren R. Kennedy
Helam Gebremariam
David H. Korn
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
cvarney@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
hgebremariam@cravath.com

dkorn@cravath.com

*Coordinating Counsel for Defendant Blue*
*Cross and Blue Shield Association*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark M. Hogewood*
Mark M. Hogewood