# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Alaska Air Group, Inc.,** *et al.*, <br><br>  **Plaintiffs,** <br><br> v. <br><br> **Anthem, Inc.,** *et al.*, <br><br> **Defendants.** | **Case No.  2:21-cv-01209-RDP** |
| **JetBlue Airways Corporation,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **Anthem, Inc.,** *et al.*, <br><br> **Defendants.** | **Case No. 2:22-cv-00558-RDP** |
| **Metropolitan Transportation Authority,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **Blue Cross and Blue Shield of Alabama,** *et al.*, <br><br> **Defendants.** | **Case No. 2:22-cv-00265-RDP** |
| **Bed Bath & Beyond Inc.,** *et al.*, <br><br> **Plaintiffs** <br><br> v. <br><br> **Anthem, Inc.,** *et al.*, <br><br> **Defendants.** | **Case No. 2:22-cv-01256-RDP** |

## **STIPULATED ORDER REGARDING EXPERT DISCOVERY**

Plaintiffs and Defendants (each a "Party" and collectively the "Parties") in the above-captioned Actions hereby agree[1] as follows regarding the scope of any expert discovery in this Action:

1. To the extent this Stipulation and Order Regarding Expert Discovery ("Stipulation") imposes limitations on the discovery otherwise available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize discovery disputes regarding experts. Neither the terms of this Stipulation nor the Parties' agreement to them shall be considered an admission by any Party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible. Except as otherwise provided for herein, nothing in this Stipulation shall preclude a Party from making any claim or withholding information on the basis of the attorney-client privilege, the work-product doctrine or any other applicable rule or privilege.

2. The term "expert" as used herein, unless otherwise specified, refers to a witness a Party may use to present evidence under Federal Rule of Evidence 702, 703, and/or 705. Each Party that intends to offer the testimony of one or more experts must make all of the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Action.

---

[1] Those Defendants who have filed motions to dismiss for lack of personal jurisdiction and improper venue do not waive their position that this Court lacks personal jurisdiction over them and/or that venue is improper, and that the Plaintiffs should be required to file proper complaints against them in their home jurisdictions before proceeding.

2

3. Within five business days of any Party serving any expert report and/or expert declaration in this Action, the Party or Parties offering the expert witness shall produce: (i) a copy of all documents or data referred to therein, except for any documents or data that have been produced previously in the Action; (ii) a list of any documents or data referred to therein that have been produced previously in the Action identified by Bates (or other identifying) number; (iii) the data or other information relied upon by the expert witness in forming the expert witness's opinions; (iv) the expert witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial, hearing or arbitration, or by deposition, which shall identify the case caption, the court in which it was or is pending, and the party or parties that retained the expert; and (vi) a statement of the hourly rate or compensation to be paid for the expert witness's time, study, and testimony in the litigation. To the extent the Party or Parties offering the expert seeks to supplement any production, it must do so no later than 14 days before the deposition of the expert. Documents and data shall be produced electronically (via email, storage device such as a hard drive, or FTP site) where feasible. Publicly available documents need not be produced absent specific request, provided that they are identified by website, title, date, and working URL. This paragraph shall not preclude requests for copies of the publicly available materials that are not readily obtainable.

4. To the extent the disclosures in an expert report include, reference, rely upon, or describe exhibits, information, or data processed or modeled by a computer, the Party offering the expert's opinions must produce native copies of the exhibits, information, and/or data, as well as the programs, instructions, codes, input, intermediate files, other output, and any other information necessary to reconstruct the expert witness's work, calculations, and/or analyses. If

the expert uses proprietary software applications to prepare their opinions, the Party offering the expert's opinion shall produce such software upon request. No Party need produce databases, programs, or software that are: (i) used in the ordinary course of that Party's business; (ii) commercially available at a reasonable cost; or (iii) not practicable to copy; provided however, that, the Party offering the expert's opinion must provide all datasets relied upon by the Party's expert for the expert's disclosed opinions and timely and reasonable access to the databases, programs, or software for purposes of replication or analysis of disclosed results.

5.      The provisions of Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited herein, will apply to expert discovery in these Actions. In addition to the protections set forth in Federal Rule of Civil Procedure 26(b)(4)(C), unless the communications and/or materials in subparagraphs (a)-(f) below were relied upon by the testifying expert in reaching his or her opinions, or, in the case of data, was used in forming any part of the analysis reflected in the expert's report or declaration (in which case such communications and/or materials shall be produced and are subject to discovery), the Parties will not seek to discover by any method, and may not discover the following documents, communications, and materials:

a. drafts of any expert report, affidavit, declaration, opinion, exhibit, study, workpaper, computation, calculation (including preliminary and intermediate calculations), model, data run, compilation, written testimony, or any other material prepared in connection with these Actions by, for, or at the direction of a testifying or non-testifying expert, regardless of the form in which the draft is recorded;

b. any communication (whether oral or written) between a testifying or non-testifying expert (including his or her assistants, staff, vendors or agents) and the Party or Parties retaining such expert (including the Party's employees, agents, consultants, vendors, and counsel, and their employees, staff, or agents);

c. any communication (whether oral or written) between a testifying or non-testifying expert and his or her staff, assistants, vendors, or agents;

    d. any communication (whether oral or written) between a testifying or non-testifying expert and his or her staff, assistants, or agents and any other expert or consultant retained by the Party or Parties, including his or her staff, assistants, vendors, or agents;

    e. any notes, analyses, comments, or other writings prepared by, for, or at the direction of a testifying or non-testifying expert in connection with these Actions;

    f. budgets, invoices, bills and related billing records, receipts, or time records of or concerning a testifying or non-testifying expert, including his or her staff, assistants, or agents and his or her company or organization, except that a testifying expert may be asked questions about: (i) the hourly rates of the expert and his or her staff in connection with this Action; (ii) the amount of time an expert or their staff has expended in preparing the expert's report, testimony, and associated work; (iii) the amount of money billed for the expert's report, testimony, and associated work; and (iv) any other consideration that the testifying expert received in connection with the expert's report, testimony, and associated work.

Nothing in this paragraph relieves an expert or Party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions expressed in the expert's final report, declaration, or testimony, as provided for under Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited herein.

    6. No Party is required to disclose and/or describe on any privilege log the materials addressed in Paragraph 5 subparagraphs (a)-(f). It is further stipulated that the Parties and experts do not have any obligation to retain materials that are not required to be disclosed under Paragraph 5 subparagraphs (a)-(f).

    7. No subpoenas (for depositions or documents) need be served on any expert from whom a report or declaration is provided. Instead, the Party or Parties offering such expert will: (i) be responsible for producing all materials and information relied on by the expert as outlined above or to the extent not addressed herein, under the Federal Rules of Civil Procedure; and (ii) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders and any deposition protocols.

8. Experts may be examined, at deposition, hearing, or trial, on any matter subject to disclosure under the terms of this Stipulation. Examination shall also be permitted on: (i) alternative theories, analyses, methodologies, data, documents, assumptions, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions; and (ii) the authorship of draft or final expert reports, expert opinions, expert written testimony, or expert work papers and the identity of any persons assisting the expert.

9. The Parties have agreed to comply with this Stipulated Order.

10. This Stipulated Order shall apply retroactively and prospectively.

11. Nothing herein shall preclude any Party from seeking to modify this Stipulated Order for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

**DONE** and **ORDERED** this January 24, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE