FILED

2023 Apr-03  PM 05:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Anthem, Inc., *et al.*,<br><br>                    Defendants. | No. 2:21-cv-01209-RDP |

## DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Blue Cross Blue Shield Association ("Defendant"), by and through its undersigned counsel, hereby answers the First Amended Complaint ("Complaint") of plaintiffs in the above-captioned action ("Plaintiffs"), filed on February 14, 2022 (Dkt. 86) and asserts its defenses.

## ANSWER

Except as otherwise expressly set forth below, Defendant denies each and every allegation contained in the Complaint including, without limitation, the preamble and the section headings of the Complaint. Defendant expressly reserves the right to amend and/or supplement its answer and defenses. Defendant states that no response is necessary to the unnumbered paragraphs or footnotes in the Complaint. To the extent a response is required, Defendant denies the allegations. Subject to the foregoing, as and for its Answer to Plaintiffs' Complaint, Defendant pleads as follows:

## Description of the Case

1.      Defendant admits that Plaintiffs purport to bring this action under Federal antitrust law, but denies that Plaintiffs can state any claims, that Plaintiffs suffered any damages or that Plaintiffs are entitled to any of the requested relief. Defendant lacks knowledge or

information sufficient to form a belief as to whether Plaintiffs are employers, plan sponsors, plan administrators and trustees acting on behalf of group health plans who contract with and purchase administrative services from one or more Defendants.  Defendant denies the remaining allegations in Paragraph 1.

2.      Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks ("Blue Marks") to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans (each a "Blue Plan") in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  The remaining allegations in Paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that individual Blue Plans offer and sell various commercial health insurance and/or administrative service products to customers, including employers.  The remaining allegations in

Paragraph 3 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 5.

## Jurisdiction and Venue

6.       Defendant admits that Plaintiffs purport to bring claims under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and Section 1 of the Sherman Act, 15 U.S.C § 1, but denies that Plaintiffs can state claims under the Clayton Act or Sherman Act, or that Plaintiffs are entitled to any of the requested relief.  Whether the Court has subject matter jurisdiction over this action is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 6.  Defendant denies any remaining allegations in Paragraph 6.

7.      Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, Case No. 2:13-cv-20000-RDP (N.D. Ala.), Dkt. 925.  Defendant refers to these materials for their contents and denies any characterization thereof.  The remaining allegations in Paragraph 7 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 8.

9.      Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, Case No. 2:13-cv-20000-RDP (N.D.

Ala.), Dkt. 2897.  Defendant refers to these materials for their contents and denies any characterization thereof.  The remaining allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 9.

## The Parties

### Plaintiffs

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies those allegations.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies those allegations.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies those allegations.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 25.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies those allegations.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.

28.     Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies those allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations.

31.     Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies those allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies those allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies those allegations.

34.    Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies those allegations.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies those allegations.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39.    Paragraph 39 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies those allegations.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

42.    Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 42.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies those allegations.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies those allegations.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies those allegations.

46.     Paragraph 46 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies those allegations.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies those allegations.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies those allegations.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies those allegations.

50.     Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies those allegations.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies those allegations.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies those allegations.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies those allegations.

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies those allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies those allegations.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies those allegations.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies those allegations.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies those allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies those allegations.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies those allegations.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies those allegations.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies those allegations.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies those allegations.

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies those allegations.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies those allegations.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies those allegations.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore denies those allegations.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies those allegations.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies those allegations.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies those allegations.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies those allegations.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies those allegations.

75.     Paragraph 75 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore denies those allegations.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies those allegations.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies those allegations.

78.     Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and therefore denies those allegations.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies those allegations.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies those allegations.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies those allegations.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies those allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and therefore denies those allegations.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies those allegations.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies those allegations.

86.     Paragraph 86 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 86.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore denies those allegations.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies those allegations.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies those allegations.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies those allegations.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies those allegations.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies those allegations.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies those allegations.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies those allegations.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies those allegations.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies those allegations.

96.     Paragraph 96 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 96. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore denies those allegations.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies those allegations.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies those allegations.

99.     Paragraph 99 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 99. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies those allegations.

100.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies those allegations.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies those allegations.

102.     Paragraph 102 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 102. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and therefore denies those allegations.

103.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies those allegations.

104.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies those allegations.

105.     Paragraph 105 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and therefore denies those allegations.

106.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies those allegations.

107.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies those allegations.

108.     Paragraph 108 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 108. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and therefore denies those allegations.

109.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies those allegations.

110.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies those allegations.

111.     Paragraph 111 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 111.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 and therefore denies those allegations.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies those allegations.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies those allegations.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies those allegations.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 115. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 and therefore denies those allegations.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies those allegations.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies those allegations.

118.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies those allegations.

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 119. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and therefore denies those allegations.

120.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies those allegations.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies those allegations.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 122. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies those allegations.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies those allegations.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies those allegations.

125.    Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 125. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and therefore denies those allegations.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies those allegations.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies those allegations.

128.    Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 128.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and therefore denies those allegations.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies those allegations.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies those allegations.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 and therefore denies those allegations.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies those allegations.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies those allegations.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies those allegations.

135.    Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 135. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies those allegations.

136.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies those allegations.

137.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies those allegations.

138.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies those allegations.

139.    Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 139. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 and therefore denies those allegations.

140.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies those allegations.

141.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies those allegations.

142.    Paragraph 142 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 142. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and therefore denies those allegations.

### Defendants/Co-Conspirators

143.    Defendant admits that it is a not-for-profit organization incorporated in Illinois and headquartered in Chicago, Illinois.  Defendant admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and/or Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant denies the remaining allegations in Paragraph 143.

144.     Defendant admits that its headquarters is located at 225 North Michigan Avenue, Chicago, IL 60601.

145.     Defendant admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  The remaining allegations in Paragraph 145 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 145.

146.     Defendant admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico that currently provide healthcare coverage for approximately 115 million people. Defendant denies the remaining allegations in Paragraph 146.

147.     Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 147. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 and therefore denies those allegations.

148.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies those allegations.

149.    Paragraph 149 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 149. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 and therefore denies those allegations.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies those allegations.

151.    Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 151. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and therefore denies those allegations.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies those allegations.

153.    Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 153. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and therefore denies those allegations.

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies those allegations.

155.    Paragraph 155 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 155. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and therefore denies those allegations.

156.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies those allegations.

157.     Paragraph 157 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 157. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 and therefore denies those allegations.

158.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies those allegations.

159.     Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 159. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and therefore denies those allegations.

160.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies those allegations.

161.     Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and therefore denies those allegations.

162.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies those allegations.

163.     Paragraph 163 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 163.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 and therefore denies those allegations.

164.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies those allegations.

165.    Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 165. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 and therefore denies those allegations.

166.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies those allegations.

167.    Paragraph 167 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 167. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 and therefore denies those allegations.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies those allegations.

169.    Paragraph 169 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 169. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 and therefore denies those allegations.

170.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies those allegations.

171.     Paragraph 171 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 171. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and therefore denies those allegations.

172.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies those allegations.

173.     Paragraph 173 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 173. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 and therefore denies those allegations.

174.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies those allegations.

175.     Paragraph 175 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 175. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175 and therefore denies those allegations.

176.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies those allegations.

177.     Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 177. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 and therefore denies those allegations.

178.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies those allegations.

179.     Paragraph 179 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 179.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 and therefore denies those allegations.

180.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies those allegations.

181.     Paragraph 181 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 181.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181 and therefore denies those allegations.

182.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies those allegations.

183.     Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 183.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183 and therefore denies those allegations.

184.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies those allegations.

185.     Paragraph 185 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 185.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 and therefore denies those allegations.

186.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore denies those allegations.

187.    Paragraph 187 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 187. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 and therefore denies those allegations.

188.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies those allegations.

189.    Paragraph 189 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 189. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189 and therefore denies those allegations.

190.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies those allegations.

191.    Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 191. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191 and therefore denies those allegations.

192.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore denies those allegations.

193.     Paragraph 193 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 193. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 193 and therefore denies those allegations.

194.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies those allegations.

195.     Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 195. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 and therefore denies those allegations.

196.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore denies those allegations.

197.     Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 197. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 and therefore denies those allegations.

198.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore denies those allegations.

199.     Paragraph 199 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 199. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 and therefore denies those allegations.

200.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and therefore denies those allegations.

201.     Paragraph 201 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 201. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 and therefore denies those allegations.

202.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and therefore denies those allegations.

203.     Paragraph 203 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 203. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 and therefore denies those allegations.

204.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and therefore denies those allegations.

205.     Paragraph 205 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 205. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205 and therefore denies those allegations.

206.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and therefore denies those allegations.

207.     Paragraph 207 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 207.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 and therefore denies those allegations.

208.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and therefore denies those allegations.

209.    Paragraph 209 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 209. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 and therefore denies those allegations.

210.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and therefore denies those allegations.

211.    Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 211. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and therefore denies those allegations.

212.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore denies those allegations.

213.    Paragraph 213 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 213. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 and therefore denies those allegations.

214.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore denies those allegations.

215.     Paragraph 215 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 215. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215 and therefore denies those allegations.

216.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and therefore denies those allegations.

217.     Paragraph 217 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 217. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 and therefore denies those allegations.

218.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and therefore denies those allegations.

219.     Paragraph 219 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 219. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 and therefore denies those allegations.

220.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and therefore denies those allegations.

221.     Paragraph 221 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 221. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221 and therefore denies those allegations.

222.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and therefore denies those allegations.

223.     Paragraph 223 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 223. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 223 and therefore denies those allegations.

224.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and therefore denies those allegations.

225.     Paragraph 225 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 225. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 225 and therefore denies those allegations.

226.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore denies those allegations.

227.     Paragraph 227 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 227. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227 and therefore denies those allegations.

228.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and therefore denies those allegations.

229.     Paragraph 229 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 229.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229 and therefore denies those allegations.

230.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and therefore denies those allegations.

231.    Paragraph 231 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 231. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231 and therefore denies those allegations.

232.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore denies those allegations.

233.    Paragraph 233 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 233. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 and therefore denies those allegations.

234.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies those allegations.

235.    Paragraph 235 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 235. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 and therefore denies those allegations.

236.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore denies those allegations.

237.     Paragraph 237 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 237. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 237 and therefore denies those allegations.

238.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies those allegations.

239.     Paragraph 239 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 239. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 239 and therefore denies those allegations.

240.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies those allegations.

241.     Paragraph 241 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 241. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 241 and therefore denies those allegations.

242.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore denies those allegations.

243.     Paragraph 243 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 243. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 243 and therefore denies those allegations.

244.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore denies those allegations.

245.    Paragraph 245 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 245. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 245 and therefore denies those allegations.

246.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore denies those allegations.

247.    Paragraph 247 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 247. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 and therefore denies those allegations.

248.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and therefore denies those allegations.

249.    Paragraph 249 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 249. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 249 and therefore denies those allegations.

250.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and therefore denies those allegations.

251.    Paragraph 251 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 251.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251 and therefore denies those allegations.

252.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and therefore denies those allegations.

253.    Paragraph 253 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 253. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 253 and therefore denies those allegations.

254.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 and therefore denies those allegations.

255.    Paragraph 255 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 255. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 255 and therefore denies those allegations.

256.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore denies those allegations.

257.    Paragraph 257 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 257. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 257 and therefore denies those allegations.

258.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 and therefore denies those allegations.

259.     Paragraph 259 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 259. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 259 and therefore denies those allegations.

260.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and therefore denies those allegations.

261.     Paragraph 261 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 261. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261 and therefore denies those allegations.

262.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore denies those allegations.

263.     Paragraph 263 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 263. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 263 and therefore denies those allegations.

264.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 and therefore denies those allegations.

265.     Paragraph 265 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 265. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265 and therefore denies those allegations.

266.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and therefore denies those allegations.

267.    Paragraph 267 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 267. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267 and therefore denies those allegations.

268.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and therefore denies those allegations.

### National Accounts, ASO Services, and the Relevant Market

269.    Defendant admits that individual Blue Plans offer and sell various commercial health insurance and/or administrative service products to customers, including employers. Defendant lacks knowledge or information sufficient to form a belief as to as to the truth of the remaining allegations in Paragraph 269 and therefore denies those allegations.

270.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 and therefore denies those allegations.  To the extent Paragraph 270 contains legal conclusions, no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 270.  Defendant denies the remaining allegations in Paragraph 270.

271.    Defendant admits that certain large employers that self-fund employer-sponsored health plans have certain characteristics that may differ from other employers and customers. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 271 and therefore denies those allegations.  To the extent Paragraph 271 contains legal conclusions, no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 271.

272.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 and therefore denies those allegations.  To the extent Paragraph 272 contains legal conclusions, no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 272.

273.    Defendant admits that payments from large employers that purchase administrative service products may include ASO fees.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 273 and therefore denies those allegations.

274.    Defendant admits that there is competition for the business of large employers. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 274 and therefore denies those allegations.

275.    Defendant admits that Plaintiffs purport to summarize *United States v. Anthem*, 236 F. Supp. 3d 171 (D.D.C. 2017).  Defendant refers to that case for its contents and denies any characterization thereof.  The remainder of the paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 275.

276.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and therefore denies those allegations.  To the extent Paragraph 276 contains legal conclusions, no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 276.

277.    Defendant admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and

Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to those license agreements, membership standards and guidelines for their contents and denies any characterization thereof.  The remaining allegations in Paragraph 277 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 277.

278.    Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to those license agreements, membership standards and guidelines for their contents and denies any characterization thereof.  The allegations in Paragraph 278 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 278.  Defendant denies the remaining allegations in Paragraph 278.

279.    The first and last sentences of Paragraph 279 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 279 and therefore denies those allegations. Defendant denies the remaining allegations in Paragraph 279.

280.    Defendant admits that the individual Blue Cross and/or Blue Shield plans are independent, community-based and locally operated.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 with respect to other entities and therefore denies those allegations.  The remaining allegations in Paragraph 280

contain legal conclusions to which no response is required.  To the extent a response is deemed

required, Defendant denies the remaining allegations in Paragraph 280.

281.    Defendant admits that certain Blue Plans have, at various times, developed non-

Blue branded businesses  Defendant admits that it has entered into license agreements with

individual Blue Plans, which require licensees to comply with certain membership standards and

guidelines.  Defendant refers to those license agreements, membership standards and guidelines

for their contents and denies any characterization thereof.  Defendant denies the remaining

allegations in Paragraph 281.

282.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 282 and therefore denies those allegations.

283.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 283 and therefore denies those allegations.

284.    Defendant admits that certain Blue Plans have competed with each other in

certain respects and at certain times.  The allegations in Paragraph 284 contain legal conclusions

to which no response is required.  To the extent a response is deemed required, Defendant denies

the allegations in Paragraph 284.  Defendant denies the remaining allegations in Paragraph 284.

285.    Defendant admits that Plaintiffs purport to summarize selected excerpts from

*Price Fixing, Bid Rigging, And Market Allocation Schemes: What They Are And What To Look*

*For, An Antitrust Primer*, Antitrust Division, Department of Justice.    Defendant refers to these

materials for their contents and denies any characterization thereof.  The remainder of the

paragraph contains legal conclusions to which no response is required.  To the extent a response

is deemed required, Defendant denies the allegations in Paragraph 285.

286.     Paragraph 286 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 286.

287.     Paragraph 287 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 287. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 287 and therefore denies those allegations.

288.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 and therefore denies those allegations

289.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 and therefore denies those allegations.

290.     Defendant admits that Plaintiffs purport to summarize *United States v. Anthem*, 236 F. Supp. 3d 171 (D.D.C. 2017).  Defendant refers to that case for its contents and denies any characterization thereof.  The remainder of the paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 290.

291.     Paragraph 291 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 291. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291 and therefore denies those allegations.

292.     Paragraph 292 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 292.

293.     Paragraph 293 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 293.

294.     Paragraph 294 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 294.

295.     Paragraph 295 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 295.

296.     Paragraph 296 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 296.

## History of the Defendant Insurance Companies and BCBSA

297.     Defendant admits that Blue Cross and Blue Shield Plans arose independently. Defendant further admits that individual Blue Plans used one or more of the Blue Marks within the local areas they served.  Defendant denies the remaining allegations in Paragraph 297.

298.     Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant denies the remaining allegations in Paragraph 298.

299.     Defendant admits the allegations in the first, second and third sentences of Paragraph 299.  Defendant denies the remaining allegations in Paragraph 299.

300.     Defendant admits that certain Blue Cross plan executives met in Chicago in 1937. Defendant admits that in 1938, the AHA's Commission on Hospital Service adopted a set of principles to guide the AHA's approval of prepaid hospital plans.  Defendant refers to those principles for their content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 300.

301.     Defendant denies the allegations in Paragraph 301.

302.     Defendant admits that the Commission on Hospital Service changed its name to the Hospital Service Plan Committee in 1941.  To the extent Plaintiffs purport to summarize the Hospital Service Plan Committee's approval standards, Defendant refers to the approval standard for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 302.

303.     Defendant admits that the AHA applied for and received federal registrations for the Blue Cross marks in 1947 and 1948.  Defendant denies the remaining allegations in Paragraph 303.

304.     Defendant admits that in some respects, the development of the Blue Shield plans paralleled the development of the Blue Cross plans.  Defendant admits that Blue Cross plans were founded principally to offer prepaid hospital services and Blue Shield plans were founded principally to offer prepaid physician services.  Defendant further admits that the Blue Cross hospital plans were developed in conjunction with the AHA, while the Blue Shield medical society plans were developed in conjunction with the AMA.  Defendant denies the remaining allegations in Paragraph 304.

305.     Defendant admits the Blue Shield symbol was developed by a local medical society plan, and other Plans began using that symbol.  Defendant admits that a medical plan in Buffalo, New York began using a blue shield symbol in 1939.  Defendant denies the remaining allegations in Paragraph 305.

306.     Defendant admits the Associated Medical Care Plans ("AMCP") was formed in 1946 and applied for registration of the Blue Shield marks in 1949, which was granted in 1952. Defendant admits that AMCP changed its name in 1950 to Blue Shield Medical Care Plans ("BSMCP").  Defendant admits that BSMCP changed its name in 1960 to the National

Association of Blue Shield Plans, which in 1977 changed its name to the Blue Shield Association. Defendant denies the remaining allegations in Paragraph 306.

307.    Defendant admits that Plaintiffs purport to summarize selected excerpts from History of Health Insurance in the United States, in Michael A. Morrissey, *Health Insurance, Second Edition* (2013). Defendant refers to that book for its contents and denies any characterization thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 307 and therefore denies those allegations.

308.    Defendant admits that Plaintiffs purport to summarize selected excerpts from History of Health Insurance in the United States, in Michael A. Morrissey, *Health Insurance, Second Edition* (2013). Defendant refers to that book for its contents and denies any characterization thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 308 and therefore denies those allegations.

309.    Defendant admits that Plaintiffs purport to summarize selected excerpts from History of Health Insurance in the United States, in Michael A. Morrissey*, Health Insurance, Second Edition* (2013). Defendant refers to that book for its contents and denies any characterization thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 309 and therefore denies those allegations.

310.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 and therefore denies those allegations.

311.    Defendant admits that certain Blue Plans have competed with each other in certain respects and at certain times. Defendant denies the remaining allegations in Paragraph 311.

312.     The allegations in Paragraph 312 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 312.  Defendant denies the remaining allegations in Paragraph 312.

313.     Defendant admits that by the late 1940s, the Blue plans faced growing competition from commercial insurance companies.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 313 and therefore denies those allegations.

314.     Defendant admits that in 1947 and 1948, the Blue Cross Commission and the AMCP considered, but did not implement, developing a national agency for all Blue Plans, to be called the Blue Cross and Blue Shield Health Service, Inc.  Defendant denies the remaining allegations in Paragraph 314.

315.     Defendant admits that it owns the Blue Cross and Blue Shield trademarks and trade names.  Defendant further admits that it has stated in prior litigation that "[d]espite their local focus, the Plans recognized the necessity of national cooperation and formed the precursors of the Blue Cross and Blue Shield Association.  For their common benefit, the Plans transferred all of their interests in the Blue Marks to predecessor organizations in the 1950s."  To the extent Paragraph 315 contains legal conclusions, no response is required.  To the extent a response is deemed required, Defendant denies the allegations in the last sentence of Paragraph 315. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 315 and therefore denies those allegations.

316.     Defendant admits that Plaintiffs purport to summarize a 1954 Agreement and a 1972 Agreement.  Defendant refers to those Agreements for their contents and denies any characterization thereof.  The remainder of the paragraph contains legal conclusions to which no

response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 316.

317.    Defendant admits that Plaintiffs purport to summarize a 1952 Agreement. Defendant refers to the 1952 Agreement for its contents and denies any characterization thereof. Defendant further admits that AMCP changed its name in 1950 to BSMCP, that BSMCP changed its name in 1960 to the National Association of Blue Shield Plans, and that the National Association of Blue Shield Plans in 1977 changed its name to the Blue Shield Association.  The remainder of the paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 317.

318.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 and therefore denies those allegations.  Defendant denies the allegations in Paragraph 318.

319.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from the annual report to the associations given in 1979.  Defendant refers to that document for its content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 319.

320.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from an unidentified document.  Defendant refers to that document for its content and denies any characterization thereof.  The allegations in Paragraph 320 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 320.  Defendant denies the remaining allegations in Paragraph 320.

321.    Defendant admits that in 1982, the Blue Cross Association and the Blue Shield Association merged to form BCBSA, and BCBSA acquired the interests of the Blue Cross Association and the Blue Shield Association in the Blue trademarks and trade names.  Defendant denies the remaining allegations in Paragraph 321.

322.    Defendant admits that there were 97 Blue Plan licensees in the United States and Puerto Rico as of year-end 1984, 75 Blue Plan licensees in the United States and Puerto Rico as of year-end 1989, and 34 Blue Plan licensees in the United States and Puerto Rico currently. Defendant also admits that Plaintiffs purport to quote or summarize selected excerpts from an unidentified document.  Defendant refers to that document for its content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 322.

323.    Defendant denies the allegations in Paragraph 323.

324.    Defendant denies the allegations in Paragraph 324.

325.    Defendant denies the allegations in Paragraph 325.

326.    Defendant admits that the member Plans of BCBSA held an annual meeting in 1982.  Defendant also admits that Plaintiffs purport to quote or summarize a "Long Term Business Strategy" document.  Defendant refers to that document for its content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 326.

327.    Defendant admits that there were 97 Blue Plan licensees in the United States and Puerto Rico as of year-end 1984, 75 Blue Plan licensees in the United States and Puerto Rico as of year-end 1989, and 34 Blue Plan licensees in the United States and Puerto Rico currently. Defendant denies the remaining allegations in Paragraph 327.

328.    Defendant admits that the member Plans of BCBSA held an "Assembly of Plans" beginning in 1987.  Defendant further admits that it has entered into license agreements with the

BCBSA, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof. Defendant denies the remaining allegations in Paragraph 328.

329.    Defendant admits that the member Plans of BCBSA held an "Assembly of Plans" beginning in 1987. Defendant further admits that the 1987 Assembly of Plans did not restrain competition. Defendant denies the remaining allegations in Paragraph 329.

330.    Defendant admits that the Tax Reform Act of 1986 provided that then-existing Blue Cross and Blue Shield organizations shall be taxable in accordance with the Act. Defendant refers to the Tax Reform Act of 1986 for its contents and denies any characterization thereof. Defendant denies the remaining allegations in Paragraph 330.

331.    Defendant denies the allegations in Paragraph 331.

332.    Defendant denies the allegations in Paragraph 332.

333.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from an unidentified document. Defendant refers to that document for its contents and denies any characterization thereof. Defendant denies the remaining allegations in Paragraph 333.

334.    Defendant denies the allegations in Paragraph 334.

335.    Defendant denies the allegations in Paragraph 335.

336.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from an unidentified license agreement. Defendant refers to that document for its contents and denies any characterization thereof. Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership

standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  The allegations in Paragraph 336 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 336. Defendant denies the remaining allegations in Paragraph 336.

337.     Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  Paragraph 337 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 337.  Defendant denies the remaining allegations in Paragraph 337.

338.     Defendant admits that the National Best Efforts rule was adopted in 2005. Paragraph 338 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 338.  Defendant denies the remaining allegations in Paragraph 338.

339.     Defendant denies the allegations in Paragraph 339.

340.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 and therefore denies those allegations.

341.     Paragraph 341 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 341.

342.     Defendant denies the allegations in Paragraph 342.

343.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 343.

344.    Paragraph 344 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 344.  Defendant denies the remaining allegations in Paragraph 344.

345.    Defendant admits that Plaintiffs purport to describe the nature of their claims but deny that Plaintiffs can state any claim.  Defendant denies the allegations in Paragraph 345.

### Control of BCBSA by Defendant Insurance Companies

346.    Defendant admits that Plaintiffs purport to quote selected excerpts from BCBSA's website.  Defendant refers to its website for its contents and denies any characterization thereof.  Defendant further admits that it licenses the Blue Marks to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico that collectively provide healthcare coverage in all 50 states, the District of Columbia, and Puerto Rico.  Defendant denies the remaining allegations in Paragraph 346.

347.    Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to those license agreements, membership standards and guidelines for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 347.

348.     Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant further admits that the BCBSA Board of Directors is comprised of the Primary Licensees' CEOs and BCBSA's CEO acting in their fiduciary capacity to BCBSA.  Paragraph 348 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 348.  Defendant denies the remaining allegations in Paragraph 348.

349.     Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *Central Benefits Mut. Ins. Co. v. Blue Cross and Blue Shield Ass'n*, 711 F. Supp. 1423, 1424-25 (S.D. Ohio 1989).  Defendant refers to that case for its contents and denies any characterization thereof.  Paragraph 349 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 349.  Defendant denies the remaining allegations in Paragraph 349.

350.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018).  Defendant refers to that case for its contents and denies any characterization thereof.  Paragraph 350 contain legal conclusions to which no response is required.  To the extent a

response is deemed required, Defendant denies the allegations in Paragraph 350.  Defendant denies the remaining allegations in Paragraph 350.

351.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018).  Defendant refers to that case for its contents and denies any characterization thereof. Defendant denies the remaining allegations in Paragraph 351.

352.    Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to those license agreements, membership standards and guidelines for their contents and denies any characterization thereof. Paragraph 352 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 352.  Defendant denies the remaining allegations in Paragraph 352.

353.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from a 1994 Government Accountability Office report.  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 353.

354.    Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue

Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant further admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant denies the remaining allegations in Paragraph 354.

355.    Defendant admits that Plaintiffs purport to quote a pleading filed by BCBSA. Defendant refers to that pleading for its contents and denies any characterization thereof. Defendant denies the remaining allegations in Paragraph 355.

356.    Defendant admits that Tim Vines is the current chairman of the BCBSA Board of Directors.  Defendant further admits that David Holmberg was the chairman of the BCBSA Board of Directors through November 2021.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 356 and therefore denies those allegations.

357.    Defendant admits that the BCBSA Board of Directors typically meets at least quarterly as of at the date of this Answer.

358.    Defendant admits that the BCBSA Board of Directors is comprised of the Primary Licensees' CEOs and BCBSA's CEO acting in their fiduciary capacity to BCBSA.  Defendant refers to BCBSA's governance documents for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 358.

359.    Defendant refers to BCBSA's bylaws for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 359.

360.    Defendant admits that the BCBSA Board of Directors is comprised of the Primary Licensees' CEOs and BCBSA's CEO acting in their fiduciary capacity to BCBSA.  Defendant

refers to BCBSA's bylaws for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 360.

361.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from a Government Accountability Office report.  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 361.

### License Agreements and Restraints on Competition

362.    Defendant admits that it entered into license agreements with individual Blue Plans and that the license agreements contain provisions regarding use of the Blue Marks. Defendant denies the remaining allegations in Paragraph 362.

363.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from a Government Accountability Office report.  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 363.

364.    Defendant admits that Plaintiffs purport to summarize excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018). Defendant refers to that document for its contents and denies any characterization thereof. Paragraph 364 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 364.  Defendant denies the remaining allegations in Paragraph 364.

365.    Paragraph 365 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 365.

366.    Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.

Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  Defendant denies the remaining allegations in Paragraph 366.

367.    Defendant admits that Plaintiffs purport to summarize excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018). Defendant refers to that opinion for its contents and denies any characterization thereof. Paragraph 367 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 367.  Defendant denies the remaining allegations in Paragraph 367.

368.    Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to those license agreements, membership standards and guidelines for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 368.

369.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from an unspecified license agreement.  Defendant refers to those documents for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 369.

370.    Defendant admits that Plaintiffs purport to quote selected or summarize excerpts from the June 20, 2013 Guidelines to Administer Membership Standards Applicable to Regular Members.  Defendant refers to the Guidelines for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 370.

371.    Defendant denies the allegations in Paragraph 371.

372.     Defendant denies the allegations in Paragraph 372.

373.     Defendant denies the allegations in Paragraph 373.

374.     Paragraph 374 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 374. Defendant denies the remaining allegations in Paragraph 374.

375.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from BCBSA's website.  Defendant refers to BCBSA's website for its contents and denies any characterization thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 regarding unspecified measures of health insurance companies in the nation and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 375.

376.     Paragraph 376 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 376.

377.     Defendant admits that it licenses the Blue Cross and/or Blue Shield trademarks and trade names to 34 independent, community-based and locally operated Blue Cross and Blue Shield plans in the United States and Puerto Rico, and that those licensees are governing members of BCBSA.  Defendant also admits that the CEO of each such licensee is eligible to serve on the Board of Directors of BCBSA.  Defendant further admits that Plaintiffs purport to quote or summarize selected excerpts from certain FTC documents and statements made by Mark Hall.  Defendant refers to those documents for their contents and denies any characterization thereof.  The remaining allegations in Paragraph 377 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 377.

## The Horizontal Agreements Not To Compete

378.   Defendant admits that each BCBSA licensee is an independent legal entity.

379.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 and therefore denies those allegations.

380.   Defendant admits that since at least 2015, it does not and has not had any franchise agreement with a Blue Plan.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 380 and therefore denies those allegations.

381.   The allegations in Paragraph 381 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 381.

382.   Defendant admits that Plaintiffs purport to summarize portions of the license agreements, membership standards and guidelines.  Defendant refers to those documents for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 382.

383.   Defendant admits that Plaintiffs purport to quote or summarize selected portions of the license agreements.  Defendant refers to the license agreements for their contents and denies any characterization thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 383.

384.   Defendant admits that it entered into a license agreement with individual Blue Plans.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 384 and therefore denies those allegations.

385.    Defendant admits that since at least 2015, it has enforced the terms of the license agreements.  Defendant denies the remaining allegations in Paragraph 385.

386.    Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  Defendant denies the remaining allegations in Paragraph 386.

387.    Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  Defendant denies the allegations in Paragraph 387.

388.    Defendant admits that the Local Best Efforts rule was adopted in 1994. Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof.  Defendant denies the remaining allegations in Paragraph 388.

389.    Defendant admits that the National Best Efforts rule was adopted in 2005. Defendant further admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines.  Defendant refers to the license agreements, membership standards and guidelines for their contents and

denies Plaintiffs' characterization thereof. Defendant denies the remaining allegations in Paragraph 389.

390.     Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof. Defendant denies the remaining allegations in Paragraph 390.

391.     Defendant denies the allegations in Paragraph 391.

392.     Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof. Defendant denies the remaining allegations in Paragraph 392.

393.     Defendant denies the allegations in Paragraph 393.

394.     The allegations in Paragraph 394 contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 394.

395.     Defendant admits that it has entered into license agreements with individual Blue Plans, which require licensees to comply with certain membership standards and guidelines. Defendant refers to the license agreements, membership standards and guidelines for their contents and denies Plaintiffs' characterization thereof. Defendant denies the remaining allegations in Paragraph 395.

396.     Defendant admits that Anthem, Inc., was a publicly traded company at the time the Complaint was filed.  Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from Anthem's Form 10-K filed February 20, 2019.  Defendant refers to the filing for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 396.

397.     Defendant admits that Triple-S Salud is a licensee operating in Puerto Rico. Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from Triple-S Salud's Form 10-K filed on March 1, 2019.  Defendant refers to the filing for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 397.

398.     Defendant denies the allegations in Paragraph 398.

399.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from a December 21, 2007 letter from the Senior Vice President and General Counsel of BCBSA to the Acting Insurance Commissioner of Pennsylvania, but denies that Plaintiffs accurately quote the selected excerpt.  Defendant refers to the letter for its contents and denies any characterization thereof.  Defendant denies all remaining allegations in Paragraph 399.

400.     Defendant denies the allegations in Paragraph 400.

401.     Defendant admits that Plaintiffs purport to quote or summarize the Guidelines to Administer Membership Standards Applicable to Regular Members, but denies that Plaintiffs accurately quote the selected excerpt.  Defendant refers to the license agreements, membership standards and guidelines for their content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 401.

402.     Defendant admits that Plaintiffs purport to quote or summarize Anthem, Inc.'s Form 10-K filed February 20, 2019.  Defendant refers to that filing for its content and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 402.

403.     Defendant admits that Plaintiffs purport to quote or summarize *United States v. Anthem*, 236 F. Supp. 3d 171 (D.D.C. 2017).  Defendant refers to that opinion for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 403.

404.     Defendant denies the allegations in Paragraph 404.

405.     Defendant denies the allegations in Paragraph 405.

406.     Defendant admits that certain Blue Plans have competed with each other in certain respects and at certain times.  Defendant denies the remaining allegations in Paragraph 406.

407.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407 and therefore denies those allegation.

408.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 408 and therefore denies those allegations.

409.     Defendant denies the allegations in the first and second sentences of Paragraph 409.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 409 and therefore denies those allegations.

410.     Defendant denies the allegations in Paragraph 410.

411.     Defendant denies the allegations in Paragraph 411.

412.     The allegations in Paragraph 412 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 412.  Defendant denies the remaining allegations in Paragraph 412.

### The BCBSA License Agreements Have Injured Competition for National Accounts Throughout the United States

413.     The allegations in Paragraph 413 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 413.  Defendant denies the remaining allegations in Paragraph 413.

414.     Defendant denies the allegations in Paragraph 414.

415.     The allegations in Paragraph 415 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 415.  Defendant denies the remaining allegations in Paragraph 415.

416.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from unidentified documents.  Defendant refers to those documents for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 416.

417.     Defendant admits that the Tax Reform Act of 1986 provided that then-existing Blue Cross and Blue Shield organizations shall be taxable in accordance with the Act.  Defendant refers to the Tax Reform Act of 1986 for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 417.

418.     Defendant admits that in 1994, the member Plans of BCBSA voted to eliminate the non-profit Membership Standard.  Defendant further admits that certain Blue Plans subsequently converted to for-profit status.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418 and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 418.

419.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419 and therefore denies those allegations.

420.     Defendant admits that Plaintiffs purport to summarize selected excerpts from Dena Mendelsohn, *How Much is Too Much: Nonprofit Insurer Surplus After the ACA*, CR Consumer Reports (June 16, 2015).  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 420.

421.     Defendant admits that Plaintiffs purport to summarize selected excerpts from Stephanie Goldberg, *Blue Cross bosses rake in the green*, Crain's Chicago Business (Oct. 11, 2019).  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 421 and therefore denies those allegations.

### Defendants' Conduct Has No Procompetitive Justifications

422.     Defendant denies the allegations in Paragraph 422.

423.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of Paragraph 423 and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 423.

424.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018) and selected excerpts from selected docket entries in that matter.  Defendant refers to that document and those docket entries for their contents and denies any characterizations thereof.  Defendant denies the remaining allegations in Paragraph 424.

425.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5,

2018).  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 425.

426.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, 308 F. Supp. 3d 1241 (N.D. Ala. Apr. 5, 2018).  Defendant refers to that document for its contents and denies any characterization thereof.  Defendant denies the allegations in Paragraph 426.

### The Putative Subscriber Class Action Settlement

427.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, Case No. 2:13-cv-20000-RDP (N.D. Ala.), Dkt. 2897.  Defendant refers to that opinion for its contents and denies any characterization thereof.  The allegations in Paragraph 427 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 427.  Defendant denies the remaining allegations in Paragraph 427.

428.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from the Subscriber class action Settlement Agreement.  Defendant refers to that Agreement for its contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 428.

429.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983); *Butzen v. Mid-States Exp., Inc*., No. 07 C 5716, 2008 WL 515165 (N.D. Ill. Feb. 25, 2008); *In re Inter-Op Hip Prosthesis Liab. Litig*., 204 F.R.D. 330 (N.D. Ohio 2001).  Defendant refers to those cases for their contents and denies any characterization thereof.  The remaining allegations in Paragraph 429 contain legal conclusions to which no response is

required.  To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 429.

430.    Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from the *In re Blue Cross Blue Shield Antitrust Litigation* Fairness Hearing.  Defendants refer to those statements for their contents and denies any characterization thereof.  Defendant denies the remaining allegations in Paragraph 430.

431.    The allegations in Paragraph 431 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 431.  Defendant denies the remaining allegations in Paragraph 431.

## Tolling of the Statute of Limitations

432.    The allegations in Paragraph 432 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 432.

## Violations Alleged

### Count One

433.    Defendant repeats its responses to the allegations in all Paragraphs above as if fully set forth herein.

434.    The allegations in Paragraph 434 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 434.  Defendant denies the remaining allegations in Paragraph 434.

435.    The allegations in Paragraph 435 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 435.

436.     The allegations in Paragraph 436 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 436.  Defendant denies the remaining allegations in Paragraph 436.

437.     The allegations in Paragraph 437 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 437.

438.     The allegations in Paragraph 438 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 438.  Defendants deny the remaining allegations in Paragraph 438.

439.     The allegations in Paragraph 439 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 439.

**Count Two**

440.     Defendant repeats its responses to the allegations in all Paragraphs above as if fully set forth herein.

441.     The allegations in Paragraph 441 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 441.  Defendant denies the remaining allegations in Paragraph 441.

442.     The allegations in Paragraph 442 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 442.  Defendant denies the remaining allegations in Paragraph 442.

443.     The allegations in Paragraph 443 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 443.

444.     The allegations in Paragraph 444 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 444.  Defendant denies the remaining allegations in Paragraph 444.

445.     The allegations in Paragraph 445 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 445.

446.     The allegations in Paragraph 446 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 446.  Defendant denies the remaining allegations in Paragraph 446.

447.     The allegations in Paragraph 447 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 447.  Defendant denies the remaining allegations in Paragraph 447.

448.     The allegations in Paragraph 448 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 448.  Defendant denies the remaining allegations in Paragraph 448.

449.     The allegations in Paragraph 449 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 449.  Defendant denies the remaining allegations in Paragraph 449.

450.     The allegations in Paragraph 450 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 450.  Defendant denies the remaining allegations in Paragraph 450.

451.     Defendant admits that Plaintiffs purport to quote or summarize selected excerpts from *In re Blue Cross Blue Shield Antitrust Litigation*, Case No. 2:13-cv-20000-RDP (N.D.

Ala.), Dkt. 2897.  Defendant refers to that opinion for its contents and denies any characterization thereof.  The allegations in Paragraph 451 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 451.  Defendant denies the remaining allegations in Paragraph 451.

### Relief Requested

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.  Defendant denies each and every allegation in the Complaint except as expressly admitted and qualified above. Defendant requests that the Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Defendant, and that the Court award Defendant its attorneys' fees, costs and expenses, pre-judgment interest and such other and further relief as the Court deems just and proper.

### DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant, without waiver, limitation, or prejudice, hereby asserts the following defenses. Each defense is asserted as to all claims against Defendant by all Plaintiffs.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.  Defendant reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

As separate and distinct defenses, Defendant alleges as follows:

### First Defense

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. The structure of the Blue Cross Blue Shield Association and the Blue Plans has been a matter of public knowledge for decades. The exclusive service areas that Plaintiffs allege are anticompetitive have existed for more than half a century. Throughout this time, this system of exclusive service areas has been a matter of public knowledge, as they have been scrutinized by Congress, the Courts, the Federal Trade Commission, and the Department of Justice. Similarly, the current BCBSA license agreement has been in place for approximately fifteen years. Accordingly, Plaintiffs were on notice of any allegedly anticompetitive acts arising out of the exclusive service areas and license agreement long before the applicable statute of limitations expired.

### Second Defense

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches. The structure of the Blue Cross Blue Shield Association and the Blue Plans has been a matter of public knowledge for decades. The exclusive service areas that Plaintiffs allege are anticompetitive have existed for more than half a century. Throughout this time, this system of exclusive service areas has been a matter of public knowledge, as they have been scrutinized by Congress, the Courts, the Federal Trade Commission, and the  Department of Justice. Similarly, the current BCBSA license agreement has been in place for approximately fifteen years. Accordingly, Plaintiffs became aware of any allegedly anticompetitive acts arising out of the exclusive service areas and license agreement years ago.

## Third Defense

### (Protected Rights – Intellectual Property & Other Statutes)

Plaintiffs' claims are barred, in whole or in part, because the challenged conduct is ancillary to protecting the value of lawfully-acquired intellectual property rights and to licensure of those rights and conflict with Defendant's rights under intellectual property law or other statues.

## Fourth Defense

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to raise those claims.

## Fifth Defense

### (Single Entity)

Plaintiffs' claims are barred, in whole or in part, because Defendants constitute a single entity with respect to the licensing and use of the nationwide Blue Cross and Blue Shield trademarks and trade names and are therefore incapable of conspiring under Section One of the Sherman Act.

## Sixth Defense

### (Privileged, Justified, Excused)

Plaintiffs are barred, in whole or in part, from any recovery on the Complaint because Defendants' actions were privileged, justified, and/or excused.

## Seventh Defense

### (Implied/Express Immunity)

Plaintiffs' claims are preempted and barred, in whole or in part, because Defendant's alleged conduct has implied or express immunity from the antitrust laws.

**Eighth Defense**

**(McCarran-Ferguson Act)**

Plaintiffs' claims are barred, in whole or in part, by the McCarran-Ferguson Act. *See* 15 U.S.C. §§ 1011-1015.

**Ninth Defense**

**(Filed Rate/State Action Doctrine)**

To the extent any Plaintiff purchased a commercial health insurance product from any Defendant during the period for which they seek to recover, those claims are barred, in whole or in part, because they are preempted by the filed-rate doctrine and/or state action doctrine at both the federal and state levels.

**Tenth Defense**

**(Patient Protection/Affordable Care Act)**

Plaintiffs' claims are barred, in whole or in part, because they are preempted and/or mooted by the Patient Protection and Affordable Care Act.  *See* 42 U.S.C. § 18001 et seq.

**Eleventh Defense**

**(Waiver)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver due to Plaintiffs' own acts and omissions, including because Plaintiffs continue to enjoy the benefits of the agreements with Defendants.

**Twelfth Defense**

**(Conflicts with Contract Provisions)**

Plaintiffs' claims are barred, in whole or in part, to the extent they conflict with contract provisions.

## Thirteenth Defense

### (Contractual Arbitration Provisions)

Plaintiffs' claims are barred, in whole or in part, by contractual arbitration provisions.

## Fourteenth Defense

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## Fifteenth Defense

### (Res Judicata/Collateral Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## Sixteenth Defense

### (Prior Litigation)

Plaintiffs' claims are barred, in whole or in part, because those claims have been settled and/or dismissed with prejudice in prior litigation.

## Seventeenth Defense

### (Waiver)

Plaintiffs' claims are barred, in whole or in part, because they have been released and/or waived.

## Eighteenth Defense

### (Duplicative)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek damages that would constitute duplicative recovery and/or offset.

**Nineteenth Defense**

**(Unjust Enrichment)**

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

**Twentieth Defense**

**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate, prevent, or avoid their alleged damages, if any, and therefore Plaintiffs' recovery, if any, should be reduced to the extent such damages could and should have been mitigated, prevented, or avoided.

**Twenty-First Defense**

**(Failure to State a Claim)**

Plaintiffs fail to state a claim on which relief can be granted.

**Twenty-Second Defense**

**(Legitimate Business Justifications)**

Defendant alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition and/or were ancillary to pro-competitive conduct.

**Twenty-Third Defense**

**(Lack of Injury-in-Fact)**

Plaintiffs' claims are barred, in whole or in part, because it has sustained no injury in fact by any act or omission of Defendant.

## Twenty-Fourth Defense

### (Lack of Antitrust Injury)

Plaintiffs' claims are barred, in whole or in part, because it has sustained no injury of the type that the antitrust laws were intended to prevent.

## Twenty-Fifth Defense

### (Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because of a lack of causation, including, without limitation, because any injuries or damages that may have been suffered were not caused solely or proximately by any act or omission of Defendant.

## Twenty-Sixth Defense

### (Adequate Remedy at Law)

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, is entirely self-inflicted, and Plaintiffs have an adequate remedy at law.

## Twenty-Seventh Defense

### (Ratification/Agreement/Acquiescence/Consent)

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' ratification, agreement, acquiescence, authorization, or consent to Defendant's alleged conduct, including because Plaintiffs continue to reap the benefits of their respective agreements with Defendant.

## Twenty-Eighth Defense

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Twenty-Ninth Defense

### (No Unreasonable Restraint of Trade)

Plaintiffs have failed to define an appropriate, relevant market; demonstrate the existence of market power in that market; demonstrate that any anticompetitive effects exist; and/or, if they carry their burden of demonstrating that any anticompetitive effects exist, that such anticompetitive effects outweigh the pro-competitive benefits.

### Thirtieth Defense

### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because any damages that Plaintiffs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

### Thirty-First Defense

### (Ineffective Opt-Out)

Plaintiffs have failed to opt out of the divisible damages and injunctive relief settlement classes in *In re Blue Cross Blue Shield Antitrust Litigation (MDL 2406)* ("MDL"), No. 2:13-cv-20000-RDP (N.D. Ala.), and accordingly their claims are barred by the MDL Subscriber class action Settlement Agreement.

### Thirty-Second Defense

### (No Entitlement to Interest, Attorney's Fees or Costs)

Plaintiffs are not entitled to interest, attorney's fees, or costs in connection with this action.

### Thirty-Third Defense

**(Relief Contrary to Public Interest, Inequitable, Impractical, and/or Unworkable)**

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and/or unworkable.

### Thirty-Fourth Defense

**(Adoption of Other Defenses)**

Defendant adopts by reference any defense not otherwise expressly set forth herein that is or will be pleaded by any other Defendant in this action.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses. Defendant has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses as they become known to it through discovery in this matter. Defendant reserves the right to amend this Answer to add, delete or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, discovery, and/or further legal analysis of Plaintiffs' claims and positions in this action.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

### PRAYER FOR RELIEF

Defendant requests that the Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in

favor of Defendant, and that the Court award Defendant it attorneys' fees, costs, and expenses,

pre-judgment interest, and such other and further relief as the Court deems just and proper.

Dated:  April 3, 2023                    By */s/ David H. Korn*

Evan R. Chesler (*pro hac vice*)
Karin A. DeMasi (*pro hac vice*)
Lauren R. Kennedy (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
David H. Korn (*pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
hgebremariam@cravath.com
dkorn@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of*

*Montana, Inc.; Wellmark of South
Dakota, Inc. (Wellmark Blue Cross and
Blue Shield of South Dakota); Wellmark,
Inc. (Wellmark Blue Cross and Blue
Shield of Iowa); Triple-S Management
Corporation; Triple-S Salud, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David H. Korn*
David H. Korn