FILED

2023 May-03  PM 08:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Anthem, Inc., *et al.*,<br><br>        Defendants. | **No. 2:21-cv-01209- RDP** |
| Metropolitan Transportation Authority, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Blue Cross and Blue Shield of Alabama, *et al.*,<br><br>        Defendants. | **No. 2:22-cv-00265-RDP** |
| JetBlue Airways Corporation, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Anthem, Inc., *et al.*,<br><br>        Defendants. | **No. 2:22-cv-00558- RDP** |
| Bed Bath & Beyond Inc., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Anthem, Inc., *et al.*,<br><br>        Defendants. | **No. 2:22-cv-01256-RDP** |

## **STIPULATED [PROPOSED] QUALIFIED PROTECTIVE ORDER**

Plaintiffs and Defendants in the above-captioned actions ("Proceedings") hereby agree that discovery in the Proceedings shall be governed by the following Qualified Protective Order ("Protective Order").  The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a third party.

The terms of this Protective Order are as follows:

1.     **Applicability.**  This Protective Order is applicable to all Plaintiffs, Defendants,[1] and any additional parties joined in these Proceedings (collectively, the "Parties"), and any third parties required to respond to discovery in these Proceedings.  It is for the sole purpose of facilitating discovery in the Proceedings and protecting the confidentiality and other interests of the Parties and third parties throughout the course of these Proceedings including, but not limited to, trial.  This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively, with the HIPAA Rules, the "Privacy and Security Rules").  This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.  The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Protective Order for any purpose other than these Proceedings.

2.     **Scope of Use.**  All "Confidential," "Confidential–Attorneys' Eyes Only," and "Confidential–Outside Counsel Only" information produced or exchanged in the course of these Proceedings shall be used solely for the purpose of prosecuting or defending these Proceedings, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever.

---

[1] Those Defendants that have filed motions to dismiss for lack of personal jurisdiction and improper venue do not waive their position that this Court lacks personal jurisdiction over them and/or that venue is improper.  The Court denied those Defendants' motions in three of the above-captioned actions.  *Alaska Air Group, Inc. et al. v. Anthem, Inc. et al.*, No. 2:21-cv-01209-RDP (N.D. Ala.), ECF No. 267; *JetBlue Airways Corporation, et al. v. Anthem, Inc. et al.*, No 2:22-cv-00558-RDP (N.D. Ala.), ECF No. 189; *Bed Bath & Beyond, Inc. et al. v. Anthem, Inc. et al.*, No. 2:22-cv-01256-RDP (N.D. Ala.), ECF No. 177.

Information produced or exchanged subject to this Protective Order shall not be disclosed to any person or entity except in accordance with its terms.  With the exception of "Protected Health Information," as defined below, however, the protections conferred by this Protective Order do not apply to: (a) any information that is lawfully in the public domain at the time of production or disclosure or lawfully becomes part of the public domain after its production or disclosure as a result of publication not involving a violation of this Protective Order; and (b) any information known to the receiving Party prior to the production or disclosure or obtained by the receiving Party after the production or disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Party or non-party making the confidentiality designation.

      **3.**      **Designation of Information.**  Any document, data, testimony, interrogatory answer, response to a request to admit, exhibit, and other information produced, served or otherwise disclosed to or by any Party or third party during the Proceedings as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" (collectively, "Confidential Material") shall be treated in the manner that is consistent with the definitions and procedures set forth in this Protective Order.  Documents previously produced shall be retroactively designated by notice in writing by Bates number or such other means that will allow for the identification of such documents.  The failure by a Party or third party to designate specific documents or materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the disclosed information.

a.     **"Confidential" Designation.**   A Party or third party may designate as "Confidential" any Confidential Material that it reasonably and in good faith believes contains any trade secret or other confidential research, development, or commercial information, as referenced in Fed. R. Civ. P. 26(c)(1)(G), or other personal information of any Party or third party, provided that the Party or third party has made efforts to maintain confidentiality that are reasonable under the circumstances.

b.     **"Confidential−Attorneys' Eyes Only" Designation.**   A Party may designate as "Confidential−Attorneys' Eyes Only" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in Paragraph 13 could reasonably be expected to result in injury.

c.     **"Confidential−Outside Counsel Only" Designation.**   A Party may designate as "Confidential−Outside Counsel Only" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in Paragraph 14 could reasonably be expected to result in injury.

4.     **Confidential Health Information and Sensitive Personal Information.**   The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information ("Confidential Health Information").   Confidential Health Information is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined below.   The Parties agree that any Confidential Health Information shall

be deemed "Confidential" and any such information concerning a third party shall be deemed "Confidential–Attorneys' Eyes Only" and, as such, subject to the terms of this Protective Order. In addition, the Parties desire to ensure the privacy of consumers' Sensitive Personal Information. Sensitive Personal Information is intended to encompass personal information protected from disclosure by state or federal law, including: a consumer's social security, driver's license, state identification card, or passport number; a consumer's account log-in, financial account, debit card, or credit card number in combination with any required security or access code, password, or credentials allowing access to an account; a consumer's precise geolocation; a consumer's racial or ethnic origin, religious or philosophical beliefs, or union membership; a consumer's genetic data; biometric information processed for the purpose of uniquely identifying a consumer; information collected and analyzed concerning a consumer's health; and information collected and analyzed concerning a consumer's sex life or sexual orientation.  The Parties agree that any Sensitive Personal Information may be deemed "Confidential" and any such information concerning a third party may be deemed "Confidential–Attorneys' Eyes Only" and, as such, subject to the terms of this Protective Order.

     **a.**     **Protected Health Information.**  Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. §160.103.  Without limiting the generality of the foregoing, Protected Health Information means individually identifiable health information that is (i) transmitted by electronic media; (ii) maintained in electronic media; or (iii) transmitted or maintained in any other form or medium.  Individually identifiable health information includes demographic information collected from an individual, that (1) is created or received by a health care provider, health plan, employer, or health care clearing house; and (2) relates to: the past, present, or future physical or mental health or condition of an individual; the

provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, and that (i) identifies the individual; or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual. To the extent it includes information that identifies the individual or there is a reasonable basis to believe the information could be used to identify the individual, regardless of form or format, examples of Protected Health Information include, but are not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on  or derived from Protected Health Information.   Protected Health Information also includes, but is not limited to, information that contains the following identifiers of a patient/insured/member  or  relatives,  employers,  or  household  members  of  a patient/insured/member:

     i.      names;

     ii.      all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

     iii.      all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, all ages and elements of dates (including year) indicative of such ages, and date of death;

     iv.      telephone numbers;

     v.      fax numbers;

     vi.      electronic mail addresses;

vii.     social security numbers;

viii.    medical record numbers;

ix.     health plan beneficiary numbers;

x.     account numbers;

xi.     certificate/license numbers;

xii.    vehicle identifiers and serial numbers, including license plate numbers;

xiii.    device identifiers and serial numbers;

xiv.    web universal resource locators ("URLs");

xv.    internet protocol ("IP") address numbers;

xvi.    biometric identifiers, including finger and voice prints;

xvii.    full face photographic images and any comparable images;

xviii.   any other unique identifying number, characteristic, or code; and

xix.    any other information that the producing Party knows or reasonably should know could be used alone or in combination with other information to identify an individual who is subject of the information.

Confidential Health Information (including Protected Health Information) and Sensitive Personal Information do not include any document or information in which the producing Party or third party has removed all the identifiers listed above in accordance with 45 C.F.R. §164.514(b)(2) and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.  A producing Party or third party may, but is not required to, perform removal of all such identifiers before

7

producing documents that originally contained Confidential Health Information or Sensitive Personal Information so long as the removal does not result in prejudice to another Party.

b.      **Safeguards for Confidential Health Information and Sensitive Personal Information**. The Parties also seek to ensure that any person who receives and stores Confidential Health Information or Sensitive Personal Information in connection with these Proceedings will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, confidentiality, and availability of any Confidential Health Information or Sensitive Personal Information, and to prevent unpermitted use or disclosure of any Confidential Health Information or Sensitive Personal Information they may receive from any person in connection with these Proceedings.  At a minimum, all Parties and persons or entities who might receive Confidential Health Information or Sensitive Personal Information (including all signatories to Appendix A or B of this Order) agree that they will:  (1) comply with the Privacy and Security Rules; (2) store Confidential Health Information or Sensitive Personal Information in electronic format only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and encrypted; (3) store Confidential Health Information or Sensitive Personal Information in hard copy format only in a secure location with access limited to persons entitled to access such information under this Order; (4) transmit information that they know or reasonably should know contains Confidential Health Information or Sensitive Personal Information in electronic format only if such data is encrypted prior to transmittal and the encryption key provided in separate correspondence; and (5) transmit or ship Confidential Health Information or Sensitive Personal Information in hard copy format only using secure packaging tape via Federal Express or UPS and retaining a tracking number for the materials.  Notwithstanding the foregoing, counsel for the Parties may electronically transmit

Confidential Health Information or Sensitive Personal Information without encrypting such data provided that such transmittal communication only includes internal recipients in counsel's firm. All Parties and persons or entities who might receive Confidential Health Information or Sensitive Personal Information must also establish contractual controls that require any vendors, experts, or third parties that might receive Confidential Health Information or Sensitive Personal Information to comply with all of the requirements of this Paragraph and certify that they will do so, and undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the requirements of this Paragraph, including the Privacy and Security Rules.   Confidential Health Information and Sensitive Personal Information will be securely destroyed,[2] deleted, or returned pursuant to the provisions of Paragraph 24 below.

        **c.**      **Security Breach Regarding Confidential Health Information or Sensitive Personal Information:**   If a Party or other person or entity who has received Confidential Health Information or Sensitive Personal Information discovers a breach of security relating to such information (or has a reasonably supported suspicion that a breach has occurred), such Party, person, or entity shall: (1) provide written notice to the Party that produced the data of the breach within 24 hours of discovery of the breach; (2) investigate and take appropriate actions to attempt to remediate the effects of the breach, and to ensure the breach will not recur; (3) provide sufficient information about the breach that the Party that produced the data can ascertain what data is affected by the breach and the scope of the breach; and (4) cooperate with the Party that produced the data and/or law enforcement in investigating any such security incident.

---

[2] "Secure destruction" means securely overwriting or wiping data using a secure file deletion utility to ensure that the information cannot be recovered. For those devices that cannot be overwritten (*e.g.*, defective hard drives, CDs/DVDs), the device must be destroyed prior to disposal.

**5.      Unauthorized Disclosure of Designated Information**.  If a Party learns that it has disclosed material that another Party or third party has designated "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" to any person or entity or in any circumstance not authorized under this Protective Order, that Party must immediately (a) notify the designating Party or third party in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the designated material, (c) inform the persons or entities to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such persons or entities execute the Agreement To Be Bound By Protective Order that is attached as Attachment A.  An unauthorized disclosure of any designated material does not change the confidentiality designation originally assigned to it by the producing or disclosing Party or third party, and does not waive the designating Party or third party's right to maintain that confidentiality designation.

**6.      Document Production and Exhibits.**

**a.      Documents.**  Documents containing Confidential Material, and any copies thereof, shall be designated as such by including a legend of "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" on each page as to which confidentiality is claimed. Said legend shall be made so as not to obscure any of the Confidential Material's content.  As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain Confidential Material. Designations shall be applied prior to or at the time the material is produced or disclosed, except as discussed in Paragraph 3.

**b.      ESI.**  With respect to any Confidential Material that is produced as electronically stored information ("ESI") and that is not susceptible to the imprinting of a stamp

signifying its confidential nature, the producing Party may designate it by way of written communication, including a cover letter, slip sheet, or by affixing a label on the production media and/or altering the file name of the native ESI to indicate its confidentiality (e.g., "Conf." or "Atty.Only" or "OutsideCounsel") and shall inform all recipients in writing of the designation at the time that Confidential Material is produced; otherwise, the ESI shall be marked with the legend as provided in Paragraph 6(a) above.  Whenever any ESI is reduced to a hard-copy document, such copy shall be marked with the legend as provided in Paragraph 6(a) above.

7.    **Production or Disclosure of Information.**  Any Party or third party may designate documents and ESI that is exchanged, whether in response to formal or informal requests, as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" by (a) including a statement that such information is "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only" in the answer or response or (b) designating such information as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" thereafter as provided in this Protective Order.  A legend of "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only" shall also be included on each page as to which confidentiality is claimed.

8.    **Depositions.**  A deposition or portion thereof may be designated by any Party or any third party participating in the deposition as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only" by making that designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only" within forty-five (45) days of receiving the transcript and exhibits and so informing all Parties and any third party participating in the deposition of the designation.  Until the forty-

five-day period has passed, the deposition transcript shall be treated as "Confidential–Outside Counsel Only."  This forty-five day period may be altered by either agreement of the Parties or by the Court, for good cause shown.   If testimony is orally designated as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only" during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked "CONFIDENTIAL" or "CONFIDENTIAL−ATTORNEYS' EYES ONLY" or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY."  Any portion of a deposition so designated, or separately bound, shall not be filed with the court, except in accordance with Paragraph 10 of this Protective Order.  Notwithstanding the above, when notified to do so, persons attending depositions, other than the witness and his or her outside counsel provided that the witness and his or her outside counsel have signed the appropriate Attachment to this Protective Order, must leave the room before any discussion of any Confidential Material, or any excerpts, summaries, or information derived therefrom, to the extent such persons are not entitled to review that Confidential Information under this Protective Order.

9.      **Documents Produced by Third Parties.**  With respect to any document or ESI or other material that is produced or disclosed by any third party without a designation of "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential–Outside Counsel Only," any Party may designate such material as Confidential Material within thirty (30) days of actual knowledge of the production or disclosure of the material, or such other time as may be agreed upon by the Parties.

a.      Parties may designate such material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material and the producing third party.  The designating Party shall either provide the Bates number(s) of

the material in the written notice or provide a copy of the designated material bearing the appropriate legend.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice or copy of the designated material pursuant to this subparagraph shall return to the designating Party or destroy all undesignated copies of such material in their custody or possession, and shall inform the designating Party that all undesignated copies of such material in their custody or possession have been returned or destroyed, or shall affix the legend to all copies of such designated material in their custody or possession.

      **b.**      Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated material or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated material in the possession of any person not permitted access to such information under the terms of this Order.

      **c.**      No Party shall be deemed to have violated this Order for the sole reason that such material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

      **10.**      **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential Material, if filed with the court, shall either be redacted from the court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as Confidential Material) or may be filed under seal pursuant to the rules governing sealed

documents, as set forth in CM/ECF procedures of the United States District Court for the Northern District of Alabama.  No separate permission needs to be sought regarding the redaction of public filings or the filing of any such submissions under seal.  Any courtesy copies served on the court shall be unredacted and complete, and shall be filed in an envelope labeled with the caption of the suit, a reference to the corresponding document number on file with the court, and marked "Filed Under Seal" along with the words "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" and the following statement:

> "THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE PROTECTIVE ORDER ENTERED BY THE COURT IN THIS LITIGATION."

a.   **Contesting Sealing**:  A Party who objects ("Objecting Party") to another Party's sealing of a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, and other document, in whole or in part shall attempt to meet and confer with the Designating Party to resolve its objection in good faith, without court involvement.  In event the objection cannot be resolved without court involvement, the Objecting Party may file an objection ("Sealing Objection") with the court within five (5) business days of the conclusion of the meet and confer process.  The Objecting Party shall certify that it satisfied this meet-and-confer requirement as part of any Sealing Objection filed with the court.  The Designating Party shall respond to the Sealing Objection by either: (1) filing the material that is the subject of the Sealing Objection on the public docket; or (2) filing a brief justifying its decision to file the material under seal ("Sealing Justification").  The Designating Party shall respond to the Sealing Objection within ten (10) business days from the filing of the Sealing Objection if ten (10) or fewer exhibits or documents are challenged, or fifteen (15) business days from the filing of the Sealing Objection if more than ten (10) exhibits or documents are challenged.  If the Designating Party files a Sealing

Justification, the Objecting Party may file a reply within seven (7) business days from the filing of the Sealing Justification if ten (10) or fewer exhibits or documents are challenged, or ten (10) business days from the filing of the Sealing Justification if more than ten (10) exhibits or documents are challenged.

11. **Restrictions on Use of Confidential Material.** Except as agreed by the designating Party or its counsel or as otherwise provided herein, Confidential Material, and any excerpts, summaries, or information derived therefrom:

      **a.**     shall be maintained in confidence;

      **b.**     may be disclosed only to persons entitled to access thereto under the terms of this Protective Order;

      **c.**     shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending these Proceedings, including appeals, and for no other purpose;

      **d.**     may be photocopied or otherwise reproduced only as reasonably necessary for these Proceedings only; and

      **e.**     will be securely destroyed or returned at the conclusion of the last of these Proceedings pursuant to the provisions of Paragraph 24 below.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party or third party designating the information as Confidential Material consents in writing to such disclosure of its designated material. Nothing herein prevents the use of Confidential Material, in the examination or cross-examination in these Proceedings of any person who is indicated on the documents as being an author, source, or bona fide recipient, or who is reasonably expected to possess knowledge of the information discussed in the document, or the designated representative of any person who has been tendered to testify about matters of or concerning the

Confidential Material designated "Confidential," irrespective of which Party or third party produced such information.

12.   **Authorized Users of "Confidential" Material.**  Except as agreed in writing by the designating Party or as otherwise provided herein, information designated "Confidential" subject to this Protective Order, or extracts, summaries, or information derived therefrom, shall not be disclosed or shown to any person except the following:

a.   In-house counsel for any Party engaged in the litigation of these Proceedings and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of these Proceedings.

b.   Outside counsel for any Party engaged in the litigation of these Proceedings and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of these Proceedings.

c.   Any individual Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of these Proceedings, to the extent reasonably necessary to enable the attorneys for that Party or client to render professional services in the Proceedings.  Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A.

d.   An "Independent Expert," including the Independent Expert's assistants and staff members engaged in the litigation of these Proceedings to whom it is necessary that the material be shown for purposes of these Proceedings, after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as Attachment B.  An Independent Expert means

an individual expert and/or individual independent consultant, including his or her supporting team members, if any, retained or employed to advise or assist counsel in prosecuting or defending claims between or among the Parties.  Any person who is currently an employee of a Party cannot be retained as an Independent Expert or continue to serve as an Independent Expert.

If the Independent Expert is not expected to serve as a testifying expert in the Proceedings and is a consultant or independent contractor only in connection with litigation, disputes that may result in litigation, or matters that may involve government agencies, no additional disclosures are necessary before a Party may provide Confidential Material to the Independent Expert.  For all other Independent Experts, before a Party may provide the Independent Expert access to Confidential Material produced by any Party (not including material produced by a non-party), the Party seeking to provide Confidential Material to the Independent Expert shall serve upon the Designating Party or Parties a written disclosure ("Disclosure") that includes the following information:

1. The name and contact information, including address, of the Independent Expert;

2. The Independent Expert's current employer and title at that employer;

3. An up-to-date copy of or link to the Independent Expert's current curriculum vitae; and

4. An informative description of the Independent Expert's past, present, or reasonably anticipated future professional activities, including but not limited those related to the business of the Designating Party.

The Party seeking to provide Confidential Material to the Independent Expert shall provide to the Designating Party other information or clarification reasonably requested by the Designating Party regarding the Independent Expert's professional activities.

The Disclosure may be designated as Confidential Material pursuant to this Protective Order.  If requested within fourteen (14) days of receiving a Disclosure, the Party seeking to provide Confidential Material to the Independent Expert shall make the Independent Expert available to the Designating Party for questioning at a reasonable location to be agreed upon by the Parties and the Independent Expert regarding the Independent Expert's professional activities.  All answers to such questions may be designated as Confidential Material pursuant to this Protective Order.  For a period of two (2) years after the Independent Expert last accessed Confidential Material, the Party seeking to provide Confidential Material to the Independent Expert shall promptly provide written notice of any material changes to professional activities potentially adverse to the interests of the Designating Party beyond those disclosed.

Within fourteen (14) days of receiving a Disclosure, or at any time after learning material additional information not included in the Disclosure that relates to the Independent Expert's involvement in the types of work that would need to be described in a Disclosure, a Designating Party may provide written notification that it objects to the proposed disclosure of Confidential Material to the Independent Expert, or to the continued participation of the Independent Expert in the Proceedings.  Any such objection shall state the reasons therefore.

If no such written objection is made within fourteen (14) days of the Disclosure, the Party seeking to provide Confidential Material to the Independent Expert may provide the Independent Expert with Confidential Material subject to the provisions of this Protective Order.  There shall be no disclosure of Confidential Material to the Independent Expert prior to expiration of this

fourteen (14) day period or, if an objection is raised, until all objections are resolved or adjudicated.

A Party that receives a timely written objection shall meet and confer with the objecting Party.  If the Parties are unable to resolve the objection, the Parties shall engage in one or more joint conferences with the Special Master.  The Special Master may, but shall not be required to, schedule a further conference with the Court to discuss the objection.  If the Parties remain unable to resolve the objection, the Special Master may, but shall not be required to, issue a written recommendation pursuant to Federal Rule of Civil Procedure 53 with respect to the objection.  The Parties shall have an opportunity to respond to the Special Master's recommendation.  Any further issues with respect to the objection and/or the Special Master's recommendation shall be resolved by the Court.

      **e.**      A Party's outside service-providers, contractors, and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants provided such persons have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as Attachment A.

      **f.**      A deponent who is the author or bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this matter, and provided that the deponent has executed an appropriate agreement to be bound by this Protective Order.  A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Material that they cannot otherwise access or view under the other provisions of this Protective Order.

**g.**    A court reporter and videographer in connection with the course of a deposition in this matter, provided that such persons have signed the appropriate attachment(s) to this Protective Order.

**h.**    The court, other court officials (including court reporters), and the trier of fact pursuant to a sealing order.

13.    **Authorized Users of "Confidential−Attorneys' Eyes Only" Material.**  Except as agreed in writing by the designating Party or as otherwise provided herein, no information that is designated "Confidential−Attorneys' Eyes Only" pursuant to this Protective Order, or extracts therefrom, shall be disclosed or shown to any person <u>except</u> those persons listed in Paragraphs 12(a), (b), (d), (e), (f), (g) and (h).

14.    **Authorized Users of "Confidential−Outside Counsel Only" Material.**  Except as agreed in writing by the designating Party or as otherwise provided herein, no "Confidential−Outside Counsel Only" Material subject to this Protective Order, or extracts therefrom, shall be disclosed or shown to any person <u>except</u> those persons listed in Paragraphs 12(b), (d), (e), (f), (g) and (h).

15.    **Reliance by Counsel on Designated Material in Rendering Advice.**  Nothing in this Protective Order is intended to bar or otherwise prevent any counsel from rendering advice to their client with respect to these Proceedings and, in the course of rendering such advice, from relying on their examination or knowledge of "Confidential−Attorneys' Eyes Only" or "Confidential−Outside Counsel Only" Material.

16.    **Use of "Confidential−Attorneys' Eyes Only" and "Confidential−Outside Counsel Only" Materials at Depositions.**  With respect to deponents:

        **a.**      A deponent can only be shown "Confidential–Attorneys' Eyes Only" and/or "Confidential–Outside Counsel Only" materials during the preparation for or course of a deposition if: (1) the deponent is the author or recipient of the materials; or (2) the deponent is referenced in the document or the deponent's conduct is purported to be identified in the document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing the protected information to be shown to the deponent is relevant to events, transactions, discussions, communications or data about which the deponent has knowledge.  If the criteria in (1) or (2) are satisfied, disclosure to the deponent shall be limited to the portion of the document in which the deponent or the deponent's conduct is identified or referenced, and the deponent must have completed the certification contained in Attachment A to this Protective Order.

        **b.**      The restrictions on the use of "Confidential−Attorneys' Eyes Only" and/or "Confidential−Outside Counsel Only" Materials with a deponent do not apply to use of a Party's own so-designated Materials with its directors, officers, employees or retained experts of that Party who are being deposed.

       **17.**    **Disclosure to Unauthorized Persons.**  If counsel for a Party wishes to disclose Confidential Material subject to this Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in Paragraphs 12-14 above, they must proceed in the following manner: the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to counsel for all Parties fourteen (14) days in advance of disclosure to afford counsel an opportunity to object to disclosure.  If no objection is made within the fourteen (14) day period, disclosure to such named person(s) may be made after the expiration of the fourteen (14) day period.  If an objection is made within the fourteen (14) day period, the Party proposing

the disclosure must seek an order from the court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by the court on that motion, unless the objection is withdrawn.  Any person who becomes authorized to receive Confidential Material pursuant to this Paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party who produced or designated the Confidential Material a statement in the form annexed hereto as Attachment A.  Disclosures made to all persons to whom disclosures are permitted pursuant to this Paragraph shall be made subject to and in accordance with the terms of this Protective Order.  To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any other Party or third party, such Party shall notify counsel for the Party, third party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third party whose Confidential Material is sought to seek to protect it from disclosure.  The Party or their counsel that received the discovery request or subpoena shall also notify the persons or entities who caused the discovery request or subpoena to issue that some or all of the material sought is subject to this Protective Order.  The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials absent the written consent of the Party or third party whose Confidential Material is sought unless a court of competent jurisdiction orders the production.

18. **Challenging Designation.**  If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, and the Party has a good faith need for the confidentiality designation to be corrected, that

Party may notify the designating Party or third party in writing and provide a description of the Confidential Material (to include a Bates number identifier for each individual item for which a designation challenge is made), and a concise statement of the basis for the challenge as to each individual document or other item so identified, which the objecting Party believes should be released from some or all of the constraints of this Protective Order, and serve copies of such notice to all other Parties and the producing third party if applicable.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement within thirty (30) days from the date of service of the written objection, any Party may move the court for a determination as to whether the designation is appropriate. The burden of establishing the appropriate level of confidentiality shall be on the Party making the designation.  The protection of the Confidential Material afforded by the Protective Order shall continue as originally designated until the court issues an order on the motion.

19.    **Use of Confidential Material at Trial.**    Confidential Material, or extracts, summaries, or information derived therefrom, retain confidential status even if used in these Proceedings, including at trial.  The Party using Confidential Material shall take all reasonable steps to maintain confidentiality of the Confidential Material during such use by redacting documents or testimony to the extent possible, requesting that the court seal the courtroom and any transcript or exhibits with respect to the Proceedings, or moving for the sequestration of unauthorized persons.  If Confidential Material has been designated as such because it contains Confidential Health Information or Sensitive Personal Information, the Parties agree that, in lieu of the above procedures, the Party wishing to use the Confidential Material at any stage in these Proceedings, including in papers filed with the court, mediation, trial preparation, trial, and appeal, will properly redact the documents pursuant to the HIPAA de-identification standard set forth at

45 C.F.R. § 164.514(b)(2) and in accordance with Paragraph 4(a) above, and a neutral, non-identifying patient indicator, consistent with 45 C.F.R. § 164.514(c), will be used to refer to the patient in the materials, documents, or information at issue.

20. **No Waiver.** Production pursuant to this Protective Order shall not be deemed a waiver of:

      **a.** any Party's or third party's right to object to any discovery requests on any ground;

      **b.** any Party's right to seek an order compelling discovery with respect to any discovery request;

      **c.** any Party's right to object to the admission of any evidence on any ground in these Proceedings;

      **d.** any Party's or third party's use and review of its own documents and its own Confidential Material in its sole and complete discretion; or

      **e.** the status of any material as a trade secret.

21. **Responsibility of Counsel.** Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining any executed version of the statement attached hereto as Attachment A when required under the provisions of this Protective Order.

22. **Modification of Order.** This Protective Order may be modified or amended either by written agreement of the Parties submitted to the court for approval or by order of the court upon good cause shown.

24

23.     **Protected Material of Non-Parties Sought to Be Produced.**  In the event that a Party is required by a valid discovery request to produce a non-party's confidential information in the Party's possession, and the Party is subject to an agreement (not including a court order, such as a protective order in another matter) with the non-party not to produce the non-party's confidential information, then the Party shall:

a.      promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b.      promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.      make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely objects or seeks a protective order, the Party shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential information.

24.     **Conclusion of Proceedings.**  The provisions of this Protective Order shall continue in effect with respect to any Confidential Material until expressly released by the Party or third party designating the Confidential Material, and if applicable,  such  effectiveness  shall  survive the  final  determination  of  these Proceedings.  Within one hundred (100) days of the final determination of the last of these Proceedings, including any appeal, all Confidential Material,

including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the disclosing Party or third party; or (b) securely destroyed or deleted, with a written certification of such secure destruction or deletion provided to the disclosing Party or third party. This includes the return or secure destruction or deletion of Confidential Material provided to any person, including Independent Experts.  Confidential Material that may exist on any back-up media must also be returned or securely destroyed or deleted within one hundred (100) days of the final determination of the last of these Proceedings, including any appeal.  Counsel of record are permitted to retain a copy of attorney work product, which may incorporate information from Confidential Material, provided that (1) all such retained attorney work product, and counsel's further retention or further use thereof, shall remain subject to the terms of this Order, and (2) counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules (*e.g.*, does not contain any Protected Health Information or Sensitive Personal Information). For the avoidance of doubt, such retention shall not include any Confidential Material itself (*e.g.*, produced documents and/or data designated as Confidential).  For purposes of this Protective Order, the "final determination of the last of these Proceedings" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of the last unconcluded Proceeding (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, re-hearings, remands, trials or reviews of the last unconcluded Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

**25.      Time Period for Protection.**  Any Confidential Material or any information contained in or derived from Confidential Material shall be subject to the provisions of this Protective Order until further order of this court.

**26.      Protection of Privileged Information Under Federal Rule of Evidence 502.** Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by order of this court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of information in connection with these Proceedings shall constitute a waiver of attorney-client privilege or of any work product protection in this or any other federal or state proceeding under any circumstances.  This Paragraph is intended to protect the Parties to these Proceedings and any third parties making productions or disclosures in these Proceedings, to the fullest extent permissible by law, against any unintended waiver of the attorney-client privilege and/or the work product protection that might otherwise arise from the disclosure of privileged or protected information and is intended to override any contrary law or presumptions.  Compliance with the terms of subparagraphs (a) through (f) below shall be understood, for all purposes within and outside these Proceedings, to constitute reasonable and prompt efforts to preserve privileged or protected information from discovery.

a.      Upon learning of the production or disclosure of privileged or protected information, the Party or third party that made the production or disclosure shall within ten (10) business days give all counsel of record in these Proceedings written notice of the production or disclosure.  The notice shall identify the privileged or protected information that was produced or disclosed and the date(s) of production or disclosure.  If the Party or third party that made the production or disclosure claims that only a portion of the information produced or disclosed is privileged or protected, it shall also provide a new copy of the information with the allegedly privileged or protected portions redacted.  The Party or third party that made the production or

disclosure need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production or disclosure, and any Party that received the information agrees to not challenge the reasonableness of such efforts.

        **b.**      Upon receiving notice of a production or disclosure of privileged or protected information or upon determining that information it received is known or reasonably suspected to be privileged or protected in whole or in part, any Party that received the information and any non-party that has agreed to be bound by this Protective Order and received the information, must within ten (10) business days return, sequester and/or destroy all copies of the privileged or protected information and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or protected information.  If a Party that received the information disputes or believes that it might dispute the claim of privilege or protection, it may retain a copy of the allegedly privileged or protected information for up to ninety (90) days after receiving notice of a production or disclosure of allegedly privileged or protected information to evaluate such claim of privilege or protection, and the Parties shall cooperate to obtain the court's decision regarding such claim of privilege or protection.  Any recipient of the allegedly privileged or protected information may not use or disclose it unless the court has ruled that the information is not privileged or protected by the work product doctrine.  If any Party or any non-party that has agreed to be bound by this Protective Order disclosed the privileged or protected information before being notified, that Party or non-party must take reasonable steps to retrieve and prevent further use or distribution of such information.  This duty expires if the court rules that the information is not privileged or protected by the work product doctrine.

        **c.**      A Party, and any non-party that has agreed to be bound by this Protective Order, is under a good faith obligation to promptly alert the Party or third party that made a

production or disclosure, and to promptly sequester the information, if information produced or disclosed appears to be privileged or protected by the work product doctrine either on its face or in light of facts known to the recipient.

      **d.**      To the extent that any Party obtains any privileged information through disclosure or communications, such information may not be submitted to the court or presented for admission into evidence or sought in discovery by that Party in these Proceedings or in any other proceeding or action.

      **e.**      If a Party that received allegedly privileged or protected information challenges a claim that the information is privileged or protected by the work product doctrine, that Party may, in connection with a good-faith challenge, make reference to the contents of the information in any submission to the court, so long as such filing is made under seal.  If the Party that received the information so requests, the Party or third party that produced or disclosed it shall provide the information at issue to the court for *in camera* review unless otherwise ordered by the court.

      **f.**      If the court sustains the claim that the information produced or disclosed is privileged or protected by the work product doctrine, any Party that received the information, and any non-party that has agreed to be bound by this Protective Order and received the information, must within ten (10) business days of the court's order promptly return and/or destroy all copies of the privileged or protected information and any notes that reproduce, copy or otherwise disclose its substance, and shall advise the Party or third party that made the production or disclosure in writing of the return and/or destruction.

27.     **Enforcement.**  Upon the final resolution of any of these Proceedings, any Party may seek leave to reopen the Proceeding or request the court retain jurisdiction to enforce the provisions of this Protective Order.

**SO ORDERED, this ___ day of _____, 2023.**

_____

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2023

Respectfully submitted,

By: */s/ Benjamin T. Presley*
Jay M. Ezelle
H. Thomas Wells, III
Benjamin T. Presley
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Tel: (205) 868-6000
Email: jezelle@starneslaw.com
         twells@starneslaw.com
         bpresley@starneslaw.com

*Counsel for all Plaintiffs in the Alaska Air and Jet Blue cases.*


By: */s/ Paul E. Slater*
Paul E. Slater
Joseph M. Vanek
David P. Germaine
Eamon P. Kelly
SPERLING & SLATER, LLC
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel:    (312) 641-3200
Email: pes@sperling-law.com
         jvanek@sperling-law.com
         dgermaine@sperling-law.com
         ekelly@sperling-law.com

By*: /s/ Phillip F. Cramer*
Phillip F. Cramer
SPERLING & SLATER, LLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37203
(312) 641-3200
Fax: (312) 641-6492
Email: pcramer@sperling-law.com

*Counsel for JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan, The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits*

1

*Plan, and North Central States Regional Council of Carpenters' Health Fund*

*Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; Big Lots, Inc.; Big Lots Associate Benefit Plan; The Boeing Company; Employee Benefits Plan Committee of The Boeing Company, as the plan administrator and named fiduciary of The Boeing Company Master Welfare Benefit Plan; Bridgestone Americas, Inc.; Bridgestone Americas, Inc. Employee Group Insurance Plan; Bridgestone Americas, Inc. Retiree Medical Plan; Dollar General Corporation; Dollar General Health Plan (a component of the Dollar General Corporation Employee Benefits Plan); Conagra Brands, Inc.; ConAgra Foods, Inc. Welfare Benefit Wrap Plan; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan; Kellogg Company; Kellogg Company Welfare Benefit Plan; Kellogg Company Retiree Welfare Benefit Plan; The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan; McLane Company, Inc.*

2

*McLane Company, Inc. Welfare Plan;*
*Meijer Inc. including its affiliates Meijer*
*Great Lakes LP, Meijer Stores LP, and*
*Town Total Health LLC; Meijer Health*
*Benefits Plan; North Central States*
*Regional Council of Carpenters' Health*
*Fund; Publix Super Markets, Inc.; Publix*
*Super Markets, Inc. Group Health Benefit*
*Plan; United Natural Foods, Inc.,*
*including its affiliates SUPERVALU,*
*INC.. and Unified Grocers, Inc.*
*("UNFI"); UNFI Health and Welfare*
*Plan; Indiana/Kentucky/Ohio Regional*
*Council of Carpenters Welfare Fund;*
*Ohio Carpenters' Health Fund; Tractor*
*Supply Company; Tractor Supply Medical*
*Plan; SEIU Local 1 & Participating*
*Employers Health Trust; The Local No. 1*
*Health Fund; Plumbers' Welfare Fund,*
*Local 130, U.A.; The Sheet Metal*
*Workers Local 73 Welfare Fund; Chicago*
*Painters and Decorators Welfare Fund;*
*The Carpenters and Joiners Welfare*
*Fund; Heartland Health & Wellness*
*Fund;  GuideStone Financial Resources;*
*GuideStone group Plan; GuideStone*
*Personal Plan; Church Pension Group*
*Services Corporation; General Board of*
*Pension and Health Benefits of the United*
*Methodist Church; Concordia Plan*
*Services; Concordia Health Plan; Portico*
*Benefits Services (the Evangelical*
*Lutheran Church in America's benefit*
*board); Christian Brothers Services (a*
*church plan benefits board created by the*
*Christian Brothers religious order);*
*Christian Brothers Employee Benefit*
*Trust; The Board of Pensions of the*
*Presbyterian Church U.S.A.; The Benefits*
*Plan of the Presbyterian Church (U.S.A.);*
*Employee Benefits Plan of MBM*
*Corporation; and the MBM Corporation*

By: */s/ J. Scott Hickman*
J. Scott Hickman
Eric G. Osborne

SHERRARD ROE VOIGT &
HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
Fax: (615) 742-4539
Email: shickman@srvhlaw.com
        eosborne@srvhlaw.com

*Counsel for The Kraft Heinz Company,
Kraft Heinz Group Benefits Plan, Kraft
Heinz Retiree Group Benefits Plan, and
North Central States Regional Council of
Carpenters' Health Fund*

*Counsel for The Boeing Company;
Employee Benefits Plan Committee of The
Boeing Company, as the plan
administrator and named fiduciary of The
Boeing Company Master Welfare Benefit
Plan; Bridgestone Americas, Inc.;
Bridgestone Americas, Inc. Employee
Group Insurance Plan; Bridgestone
Americas, Inc. Retiree Medical Plan;
CHS/Community Health Systems Inc.,
sponsor and administrator of the
Community Health Systems Group Health
Plan; Dollar General Corporation;
Dollar General Health Plan (a component
of the Dollar General Corporation
Employee Benefits Plan); The Federal
Express Corporation; FedEx Freight,
Inc.; The Federal Express Corporation
Group Health Plan; The FedEx
Corporation Group Health Plan; FedEx
Corporation Retiree Group Health Plan;
The Federal Express Corporation Retiree
Group Health Plan; The Federal Express
Corporation Group Health Plan for
Pilots; The Federal Express Corporation
Retiree Group Health Plan for Pilots;
FedEx Group Health Plan; Tractor
Supply Company; Tractor Supply Medical
Plan*

4

By: */s/ Jason A. Zweig*
Jason A. Zweig
Patrick Huber
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Tel: (312) 216-8667
Email: jaz@kellerpostman.com
            patrick.huber@kellerpostman.com

*Counsel for JetBlue Airways Corporation
and JetBlue Airways Group Health
Insurance Plan, McLane Foodservice
Distribution, Inc., and Employee Benefits
Plan of MBM Corporation*

*Counsel for Alaska Airlines, Inc.; Alaska
Airlines, Inc. Welfare Benefit Plan;
Alaska Air Group, Inc.; Alaska Air
Group, Inc. Welfare Benefit Plan;
Horizon Air Industries, Inc.; Horizon Air
Industries, Inc. Welfare Benefit Plan;
Employee Benefit Plan for Employees of
Horizon Air Industries, Inc.; Employee
Benefit Plan for Full-Time and Part-Time
Employees Horizon Air Industries, Inc.;
American Electric Power Service
Corporation; American Electric Power
System Comprehensive Medical Plan; Big
Lots, Inc.; Big Lots Associate Benefit
Plan; Burlington Northern Santa Fe LLC
(f/k/a Burlington Northern Santa Fe
Corp.); Burlington Northern Santa Fe
Corporation Group Benefits Plan;
Burlington Northern Santa Fe
Corporation Welfare Benefit Trust; FedEx
Corporation; The Federal Express
Corporation; FedEx Freight, Inc.; The
Federal Express Corporation Group
Health Plan; The FedEx Corporation
Group Health Plan; FedEx Corporation
Retiree Group Health Plan; The Federal
Express Corporation Retiree Group
Health Plan; The Federal Express
Corporation Group Health Plan for
Pilots; The Federal Express Corporation*

*Retiree Group Health Plan for Pilots;*
*FedEx Group Health Plan; McLane*
*Company, Inc.; McLane Company, Inc.*
*Welfare Plan; Employee Benefits Plan of*
*MBM Corporation; and the MBM*
*Corporation*

*/s/ William J. Blechman*
William J. Blechman
Joshua B. Gray
Elizabeth B. Honkonen
Kenny Nachwalter, P.A.
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email:  wjb@knpa.com
 jgray@knpa.com
 ebh@knpa.com

*Counsel for US Foods, Inc.*

*Counsel for Albertsons Companies Inc.;*
*New Albertsons L.P.; Albertson's LLC;*
*New Albertson's Inc.; Safeway Inc.;*
*Albertsons Companies, Inc. Health and*
*Welfare Plan, f/k/a Albertson's LLC*
*Health & Welfare Plan; New Albertson's*
*Inc. Health and Welfare Plan; Hy-Vee*
*Inc.; Hy-Vee and Affiliates Benefit Plan*
*and Trust; The Kroger Co.; 84.51 LLC;*
*Murray's Cheese LLC; The Kroger Co.*
*Health and Welfare Benefit Plan; 84.51*
*LLC Health & Welfare Plan; Walgreen*
*Co.; US Foods Holding Corporation; US*
*Foods, Inc.; US Foods Health & Welfare*
*Plan; Walgreen Health and Welfare Plan*
*(Plan No. 501) f/k/a Walgreen Major*
*Medical Expense Plan*

*/s/ Jon Corey*
Jon Corey
MCKOOL SMITH, PC
One California Plaza

300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 694-1200
jcorey@mckoolsmith.com

John Briody
James Smith
David Schiefelbein
Daniel Hendler
MCKOOL SMITH, PC
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com
dschiefelbein@mckoolsmith.com
dhendler@mckoolsmith.com

Lew LeClair
Gary Cruciani
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com
gcruciani@mckoolsmith.com

Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
bmorris@bcattys.com

*Counsel for Bed Bath & Beyond Inc.;
Automobile Club of Southern California;
Darling Ingredients Inc.; Griffin
Industries, LLC; Dillard's, Inc.;
Halliburton Energy Services, Inc.; G4S
Secure Solutions (USA), Inc.; Kimberly-
Clark Corporation; Lincoln National
Corporation; Live Nation Entertainment,
Inc.; Nestlé USA, Inc.; Perdue Farms
Inc.; Pacific Gas and Electric Company;
PG&E Corporation; Raytheon*

7

*Technologies Corporation; Raytheon Company; Rockwell Collins, Inc.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Sterling Jewelers Inc.; Zale Corporation; Zale Delaware, Inc.; Starbucks Corporation; Tyson Foods, Inc.; SRZ Liquidating Trust; Transform Midco LLC; and General Motors LLC*

s/ Wilson F. Green

Wilson F. Green
OF COUNSEL:
**WILSON F. GREEN LLC**
301 19th Street North, Ste. 525
Birmingham, Alabama 35203
(205) 722-1018
wilson@wilsongreenlaw.com

*Counsel for Metropolitan Transportation Authority, New York City Transit Authority, Manhattan and Bronx Surface Transportation Operating Authority, Triborough Bridge and Tunnel Authority, the Long Island Rail Road Company, The Metro-North Commuter Railroad Company, MTA Bus Company, MTA Construction and Development Company, Staten Island Rapid Transit Operating Authority*

s/ Regina Calcaterra

Regina Calcaterra
Michael Liskow
Anjori Mitra
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Fl.
New York, NY 10036
Telephone: (212) 899-1760
rcalcaterra@calcaterrapollack.com
mliskow@calcaterrapollack.com
amitra@calcaterrapollack.com

*Counsel for Metropolitan Transportation Authority, New York City Transit Authority, Manhattan and Bronx Surface*

*Transportation Operating Authority, Triborough Bridge and Tunnel Authority, the Long Island Rail Road Company, The Metro-North Commuter Railroad Company, MTA Bus Company, MTA Construction and Development Company, Staten Island Rapid Transit Operating Authority*

Dated:  May 3, 2023

Respectfully submitted,

By /s/ *David H. Korn*

Evan R. Chesler
Karin A. DeMasi
Lauren R. Kennedy
Helam Gebremariam
David H. Korn
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
hgebremariam@cravath.com
dkorn@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst*

*BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc.*

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of*

*(Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical*

*Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL CARTER FRANCO COLE &
BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc. (except with respect to claims by Bed Bath and Beyond Inc. and its affiliates and discovery to Raytheon Technology Corporation and its affiliates and General Motors Company and its affiliates)

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

Additional Counsel for HCSC and

*Counsel for Defendants Premera Blue Cross,
d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX  75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL  36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst
of Maryland, Inc.; Group Hospitalization and
Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
bbailey@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY

*Highmark Defendants and California
Physicians' Service d/b/a Blue Shield of
California*

Todd M. Stenerson
Brian C. Hauser
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC  20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@shearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750

P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield
of Mississippi, A Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC  20007
Tel: (202) 672-5491
Fax: (202) 672-5399
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO  80202
Tel: (720) 437-2034
Fax: (720) 437-2200
dhazel@foley.com

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual Insurance
Company, d/b/a Arkansas Blue Cross and
Blue Shield and as BlueAdvantage Administrators
of Arkansas*

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne

Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendant Blue Cross and
Blue Shield of Michigan*

John DeQ. Briggs
Jeny M. Maier
AXINN, VELTROP & HARKRIDER,
LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com

Kail J. Jethmalani
AXINN, VELTROP & HARKRIDER,
LLP
114 W 47th Street
New York, NY 10036
Tel: (212) 728-2200
Fax: (212) 728-2201
kjethmalani@axinn.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence
Hospital Indemnity Plan, Inc. f/k/a*

Jess R. Nix
Morgan B. Franz
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, AL  35203
Tel: (205) 986-3620
Fax: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com
jnix@spotswoodllc.com
mfranz@spotswoodllc.com

*Counsel for Defendant Capital Blue Cross*


Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue
Shield of Florida, Inc.; Blue Cross and Blue Shield
of Massachusetts, Inc.; BlueCross BlueShield
of Tennessee, Inc.*


Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY  14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com

*Independence Blue Cross; Independence
Health Group, Inc.*


Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE
LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and
Blue Shield of Nebraska; GoodLife
Partners, Inc.; Blue Cross of Idaho
Health Service, Inc.; Blue Cross and
Blue Shield of Kansas, Inc.; Blue Cross
and Blue Shield of Kansas City;*

aclark@phillipslytle.com

*Counsel for Defendants Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield and Lifetime Healthcare, Inc.*

*HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota; and Blue Cross Blue Shield of Wyoming*

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br>　　　　　　Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>　　　　　　Defendants. | **No. 2:21-cv-01209- RDP** |

| | |
|---|---|
| Metropolitan Transportation Authority, *et al.*,<br>　　　　　　Plaintiffs,<br>v.<br>Blue Cross and Blue Shield of Alabama, *et al.*,<br>　　　　　　Defendants. | **No. 2:22-cv-00265-RDP** |

| | |
|---|---|
| JetBlue Airways Corporation, *et al.*,<br>　　　　　　Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>　　　　　　Defendants. | **No. 2:22-cv-00558- RDP** |

| | |
|---|---|
| Bed Bath & Beyond Inc., *et al.*,<br>　　　　　　Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>　　　　　　Defendants. | **No. 2:22-cv-01256-RDP** |

**<u>AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER</u>**

　　1.　　I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Protective Order") in the above-captioned cases ("Proceedings").  I understand that my execution of this Agreement to Be Bound by Qualified Protective Order indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any

information or documents designated as Confidential Material pursuant to the Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending these Proceedings, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with these Proceedings. Upon the final determination of the last of these Proceedings, as defined in Paragraph 24 of this Protective Order, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after these Proceedings conclude.

4.      I understand that all Confidential Health Information and Sensitive Personal Information, as defined in the Protective Order, is subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"). All Confidential Material disclosed by any Party or third party to these Proceedings that contains Confidential Health Information or Sensitive Personal

Information shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

5.      By executing this Agreement to Be Bound by Qualified Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information or Sensitive Personal Information for the purpose of these Proceedings or to comply with judicial process or any applicable statute or regulation.  I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, confidentiality, and availability of any Confidential Health Information or Sensitive Personal Information, including complying with the requirements of Paragraph 4 of the Protective Order, and to prevent unpermitted use or disclosure of any Confidential Health Information or Sensitive Personal Information I receive from any person in connection with these Proceedings.

6.      I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.  I consent to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this ____ day of_____, 20___.

BY:_____

_____

(Print Name)

19

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br>                              Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>                              Defendants. | **No. 2:21-cv-01209- RDP** |

| | |
|---|---|
| Metropolitan Transportation Authority, *et al.*,<br>                              Plaintiffs,<br>v.<br>Blue Cross and Blue Shield of Alabama, *et al.*,<br>                              Defendants. | **No. 2:22-cv-00265-RDP** |

| | |
|---|---|
| JetBlue Airways Corporation, *et al.*,<br>                              Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>                              Defendants. | **No. 2:22-cv-00558- RDP** |

| | |
|---|---|
| Bed Bath & Beyond Inc., *et al.*,<br>                              Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>                              Defendants. | **No. 2:22-cv-01256-RDP** |

## AGREEMENT FOR INDEPENDENT EXPERTS TO BE BOUND BY QUALIFIED PROTECTIVE ORDER

1.      I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Protective Order") in the above-captioned cases ("Proceedings").  I understand that my execution of this Agreement to Be Bound by Qualified Protective Order indicates my agreement

1

to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order.  I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending these Proceedings, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with these Proceedings. Upon the final determination of the last of these Proceedings, as defined in Paragraph 24 of this Protective Order, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof.  I understand that my obligation to honor the confidentiality of such material will continue even after these Proceedings conclude.

4.      I will not use any Confidential Information or any information or knowledge derived from Confidential Information for any purpose unrelated to these Proceedings, including, but not limited to, assisting any entity in any way in connection with any commercial or business endeavor, relationship or negotiation with any of the Defendants at any time or in connection with assisting any person or entity that seeks to compete with any Defendant in any market.

5.      I understand that all Confidential Health Information and Sensitive Personal Information, as defined in the Protective Order, is subject to state and federal statutory and

regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").  All Confidential Material disclosed by any Party or non-party to these Proceedings that contains Confidential Health Information or Sensitive Personal Information shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

6.      By executing this Agreement to Be Bound by Qualified Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information or Sensitive Personal Information for the purpose of these Proceedings or to comply with judicial process or any applicable statute or regulation.  I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information or Sensitive Personal Information, including complying with the requirements of Paragraph 4 of the Protective Order, and to prevent non-permitted use or disclosure of any Confidential Health Information or Sensitive Personal Information I receive from any person in connection with these Proceedings.

7.      I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

8.      I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged

thereby. I consent to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this\_\_\_ day of_____, 20\_\_\_

BY:_____

_____

(Print Name)